

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-09-215-CR**

MARK FLEMING                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

## OPINION

------------

Appellant Mark Fleming entered a negotiated plea of guilty to aggravated sexual assault of a child younger than fourteen years of age.[1]  The trial judge sentenced Fleming to ten years' confinement, suspended imposition of the sentence, and placed him on ten years' community supervision.  Among the conditions of punishment, Fleming must register as a sex offender.  We will affirm.

---

[1] *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii), (2)(B) (Vernon Supp. 2009).

In four points, Fleming argues that the Texas Penal Code provision under which he was convicted, section 22.021, is unconstitutional under the federal due process and the Texas due course of law provisions because of its:

> failure to require the State to prove that [Fleming] had a culpable mental state ("mens rea") relating to the alleged victim's age when engaging in the conduct alleged; and . . . its failure to recognize an affirmative defense based on [Fleming's] reasonable belief that the alleged victim at the time was 17 years of age or older.[2]

We disagree.

The federal constitution provides: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1. Our state constitution provides: "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." Tex. Const. art. I, § 19. Although Fleming has briefed both federal and state due process arguments, because Fleming has not asserted or briefed an argument that the due course of law analysis under the Texas constitution is different or provides greater protections than the due process clause of the United States Constitution, we apply the analysis under the United States Constitution only. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (by failing to raise it at trial, defendant forfeited claim that the Texas constitution's due course of law clause provided more protection than due process under the

---

[2] The judgment reads that the "age of the victim at the time of the offense was 13."

federal constitution with respect to the destruction of potentially exculpatory evidence);[3] *see also Alobaidi v. Univ. of Tex. Health Science Ctr. at Houston*, 243 S.W.3d 741, 748–49 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (analyzing due process claim under federal constitution guarantees only where appellant did not argue on appeal that Texas constitution's due course of law clause provided different protections than due process under the federal constitution). And even though Fleming does not refer to his claims as being either procedural or substantive due process arguments, he does not argue that the process depriving him of his liberty is deficient; rather, Fleming argues that the absence of a *mens rea* or mistake-of-age component to section 22.021 is a wrongful government action irrespective of the procedure in place to guarantee fairness. Thus, we interpret Fleming's arguments to be substantive due process claims. *See Zinermon v. Burch*, 494 U.S. 113, 124–25, 110 S. Ct. 975, 982–83 (1990).

Substantive due process protects citizens against arbitrary or wrongful state actions, regardless of the fairness of the procedures used to implement them. *County of Sacramento v. Lewis*, 523 U.S. 833, 845–46, 118 S. Ct. 1708, 1716 (1998). In assessing whether a government regulation impinges on a substantive due process right, the first step is to determine whether the asserted right is

---

[3] After indictment, Fleming filed a motion to quash, setting forward the same points he now asserts on appeal. Neither in his motion to quash at the trial court nor in his appeal before us has Fleming asserted that the Texas Due Course of Law provision proves greater protections that its federal counterpart.

fundamental. *See Leebaert v. Harrington*, 332 F.3d 134, 140 (2d Cir. 2003) (discussing two-step process in analyzing a substantive due process claim). Rights are fundamental when they are implicit in the concept of ordered liberty or deeply rooted in this nation's history and tradition. *Immediato v. Rye Neck School Dist.*, 73 F.3d 454, 460–61 (2d Cir.), *cert. denied*, 519 U.S. 813 (1996) (citing *Moore v. East Cleveland*, 431 U.S. 494, 503, 97 S. Ct. 1932, 1938 (1977)). Where the right infringed is fundamental, strict scrutiny is applied to the challenged governmental regulation. *Reno v. Flores*, 507 U.S. 292, 305, 113 S. Ct. 1439, 1448 (1993). But where the claimed right is not fundamental, the governmental regulation need only be reasonably related to a legitimate state objective to survive constitutional review. *Flores*, 507 U.S. at 306, 113 S. Ct. at 1449. Thus, our first inquiry is to determine whether there is a fundamental right entitling individuals to a *mens rea* component or a mistake-of-age defense in a statutory rape scheme.

It is a basic principle of criminal law that an actor should not be convicted of a crime if he had no reason to believe that the act he committed was a crime or that it was wrongful. *Morissette v. United States*, 342 U.S. 246, 252, 72 S. Ct. 240, 244 (1952). An intent requirement was the general rule at common law. *Id.* To be sure, the absence of a *mens rea* requirement in a criminal statute is a significant departure from longstanding principles of criminal law. *Staples v. United States*, 511 U.S. 600, 605, 114 S. Ct. 1793, 1797 (1994). Nevertheless, strict liability crimes—that is, crimes defined without any culpable state of mind—are known at law. *Id.* When

4

strict liability is imposed, the actor is deemed to have had sufficient notice concerning the risk of penal sanction inherent in the proscribed activity, and it is not unjust to impose criminal liability without the necessity of proving moral culpability. *United States v. Freed*, 401 U.S. 601, 613 n.4, 91 S. Ct. 1112, 1120 n.4 (1971). It has been written that "the existence and content of the criminal prohibition in these cases are not hidden; the defendant is warned to steer well clear of the core of the offense (as in the statutory-rape case)." *United States v. Wilson*, 159 F.3d 280, 296 (7th Cir. 1998) (Posner, C.J., dissenting).

To this end, state legislatures have broad powers to promote the public welfare and to create criminal offenses and impose punishment—including the power to define an offense that excludes the element of mental culpability from its definition. *Lambert v. California*, 355 U.S. 225, 228, 78 S. Ct. 240, 242 (1957). Indeed, a state legislature is free to define a criminal offense and bar consideration of a particular defense so long as due process is not offended. *Montana v. Egelhoff*, 518 U.S. 37, 43, 116 S. Ct. 2013, 2017 (1996) (quoting *Patterson v. New York*, 432 U.S. 197, 201–02, 97 S. Ct. 2319, 2322 (1977)). And it is widely recognized that adults are well aware of the strict liability aspect of statutory rape laws. *See State v. Jadowski*, 680 N.W.2d 810, 821 n.42 (Wis. 2004) (discussing the colloquial phrase "[s]ixteen will get you twenty!" as a common exclamation expressing the widespread awareness of statutory rape laws and the strict liability aspect of the offense).

The strict liability crime of statutory rape, in which the victim's apparent maturity is not a defense, is a recognized exception to the general rule requiring *mens rea* in criminal statutes. *Jadowski*, 680 N.W.2d at 821. Traditionally, according to the weight of authority, "mistake as to age" has also not been a defense against the charge of statutory rape. *Morissette*, 342 U.S. at 251 n.8, 72 S. Ct. at 244 n.8.; *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 n.2, 115 S. Ct. 464, 469 n.2 (1994).

Fleming argues that because the federal due process and the state due course of law provisions were passed at a time when there existed a *mens rea* component to statutory rape laws in this nation, the lack of a mental culpability component offends "principle[s] of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." But the rule of tradition and conscience, or the guide of "historical practice," is not a first-in-time, bright-line rule. *Egelhoff*, 518 U.S. at 43, 116 S. Ct. at 2017. For example, the fundamental right to "engage in [sexual] conduct" without intervention of the government between consenting same-sex adults is hardly a concept that existed prior to the adaptation of either due process provision; nonetheless, the Supreme Court, in overruling its previous holding, held this to be a fundamental right under substantive due process. *See Bowers v. Hardwick*, 478 U.S. 186, 191–92, 106 S. Ct. 2841, 2844 (1986), *overruled by Lawrence v. Texas*, 539 U.S. 558, 567, 123 S. Ct. 2472, 2478 (2003). This is so because this right is implicit in the concept of ordered liberty, even though

6

"there have been powerful voices [condemning] homosexual conduct as immoral"

for "centuries." *Lawrence*, 539 U.S. at 571, 123 S. Ct. at 2480. "Historical practice"

is a probative guide to the ordered-liberty and deeply rooted approach in determining

fundamental rights, but it is a starting point only and not the absolute determining

guide to whether a right is fundamental. *Medina v. California*, 505 U.S. 437, 446 112

S. Ct. 2572, 2577 (1992).

Fleming argues that *Lawrence v. Texas* actually supports his position because

due process "'extends to intimate choices by unmarried as well as married persons'";

thus, according to Fleming, it is "simply unconstitutional" to penalize a person for

making a mistake in fact concerning a minor's age while exercising this fundamental

right. *Lawrence*, 539 U.S. at 578, 123 S. Ct. at 2483. But the *Lawrence* Court

specifically indicated that its holding did not extend to cases involving minors, and

we easily conclude that Fleming's reliance on *Lawrence* is misplaced. *Id.*

We also conclude that Fleming's attempts to find refuge for his position in the

Supreme Court's case of *United States v. X-Citement Video* is equally unavailing.

513 U.S. at 72, 115 S. Ct. at 468. In *X-Citement Video*, an undercover police officer

ordered pornographic tapes starring an underage actress from a video company.

*Id.* U.S. at 66–67, 115 S. Ct. at 466. The company and its owner were indicted

under a federal statute that criminalized the knowing receipt and transportation of

child pornography. *Id.* The Supreme Court held that the term "knowingly" in the

statute modified the phrase "the use of a minor" and required not only a knowing

7

distribution of the pornographic material, but also knowledge of the performer's age. *Id.*, 513 U.S. at 71–83, 115 S. Ct. at 469–74. The *X-Citement Video* Court, however, also recognized that traditionally

> the presumption [of *mens rea*] expressly excepted "sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached age of consent." . . . [because] the perpetrator confronts the underage victim personally and may reasonably be required to ascertain that victim's age. The opportunity for reasonable mistake as to age increases significantly once the victim is reduced to a visual depiction, unavailable for questioning by the distributor or receiver. *Id.*

Thus, *X-Citement Video* involves situations in which people usually would not confront the performer depicted in the material. Fleming, however, personally confronted the underage victim and could have learned her true age. Therefore, *X-Citement Video* is distinguishable from this case and does not suggest that the rights Fleming claims are fundamental.

The long history of statutory rape, even assuming Fleming's argument that it is history after the passing of both state and federal due process provisions, as a recognized exception to the requirement of criminal intent and the well-accepted legislative purpose for omitting scienter undermine Fleming's argument that section 22.021 offends principles of justice deeply rooted in our nation's history and traditions. *See United States v. Ransom*, 942 F.2d 775, 777 (10th Cir. 1991), *cert. denied*, 502 U.S. 1042 (1992) (reasoning that the majority rule in the United States is that knowledge of age is not an essential element of statutory rape and this

8

exclusion does not violate due process); *see Ransom*, 942 F.2d at 776 ("It is generally held in the absence of statute, that the defendant's knowledge of the age of the female is not an essential element of the crime of statutory rape and therefore it is no defense that the accused reasonably believed that the prosecutrix was of the age of consent.").

We acknowledge that there has been movement away from strict liability for statutory rape in recent years. *See, e.g.*, *People v. Hernandez*, 61 Cal.2d 529, 39 Cal.Rptr. 361, 393 P.2d 673 (1964) (apparently the first case to allow a mistake-of-age defense; ruling on lenity grounds); *see also Perez v. State*, 111 N.M. 160, 803 P.2d 249, 250–51 (1990) ("While a child under the age of thirteen requires the protection of strict liability, the same is not true of victims thirteen to sixteen years of age. We recognize the increased maturity and independence of today's teenagers and, while we do not hold that knowledge of the victim's age is an element of the offense, we do hold that under the facts of this case the defendant should have been allowed to present his defense of mistake of fact."). A minority of states allow some form of a "mistake of age" defense by judicial decision or by statute. *See Collins v. State*, 691 So.2d 918, 923 (Miss. 1997); *State v. Guest*, 583 P.2d 836, 837–39 (Alaska 1978) (due process requires that the defendant be allowed to introduce evidence regarding mistake as to age); Model Penal Code § 213.6(1) (Official Draft & Revised Comments 1985). Under the Model Penal Code, for example, the defense of mistaken belief should be available when the critical age is more than ten

years of age.  Model Penal Code § 213.6, cmt. 2 at 415 (Official Draft & Revised Comments 1985).  The theory is that the policies underpinning strict liability seem less compelling as the age of the minor increases; an accused who mistakenly but reasonably believes such a partner is above the critical age should have a defense because he "evidences no abnormality, no willingness to take advantage of immaturity, no propensity to corruption of minors."  *Id.*  Thus, ironically to Fleming's arguments, it may be the future, and not the past, that determines that strict liability in statutory rape cases ultimately offends concepts of ordered liberty.  *But see Kelley v. State*, 187 N.W.2d 810, 815 (Wis. 1971) (specifically rejecting model penal code's mistake-of-age defense to statutory rape).

It is worthy of note that many of the cases upholding the constitutionality of statutory rape involve an adult's sexual contact with a person younger than that described in section 22.021.  *See, e.g.*, Wis. Stat. Ann. § 948.02(1)(b) ("Whoever has sexual intercourse with a person who has not attained the age of 12 years is guilty of a Class B felony").  But the majority rule in the United States is that the defendant's knowledge of the victim's age is not an essential element of statutory rape and that this exclusion does not violate due process.  *See Ransom*, 942 F.2d at 776–77; *State v. Granier*, 765 So.2d 998, 1001 (La. 2000); *Owens v. State*, 724 A.2d 43, 48–49 (Md.), *cert. denied*, 527 U.S. 1012 (1999); *State v. Yanez*, 716 A.2d 759, 767 (R.I. 1998); *State v. Stokely*, 842 S.W.2d 77, 80–81 (Mo. 1992); *State v. Campbell*, 473 N.W.2d 420, 425 (Neb. 1991); *People v. Cash*, 351 N.W.2d 822, 828

(Mich. 1984); *Commonwealth v. Miller*, 432 N.E.2d 463, 466 (Mass. 1982); *State v. Tague*, 310 N.W.2d 209, 212 (Iowa 1981); *Goodrow v. Perrin*, 403 A.2d 864, 866–68 (N.H. 1979); *State v. Martinez*, 14 P.3d 114, 116–117 (Utah App. 2000).

Although the court of criminal appeals has never considered whether section 22.021 violates due process, the court of criminal appeals has determined that the lack of a *mens rea* component in section 22.021's statutory predecessor did not violate equal protection of the law. *Ex parte Groves*, 571 S.W.2d 888, 890 (Tex. Crim. App. 1978). Our sister court in Houston, however, addressed the very issue before us and held that section 22.021's predecessor did not violate due process. *Scott v. State*, 36 S.W.3d 240, 242 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). With these decisions and the backdrop of the majority rule in this nation regarding statutory rape in mind, we conclude that there is no fundamental right that a State is required to include a *mens rea* component or a mistake-of-age defense in a statutory rape statute. Thus, section 22.021 only needs to serve a legitimate state purpose to be constitutional against the backdrop of substantive due process. *Flores*, 507 U.S. at 306, 113 S. Ct. at 1449. We conclude that it does.

Strict liability regarding the age of the minor furthers the legitimate government interest in protecting children from sexual abuse by placing the risk of mistake on the adult actor. *See Ransom*, 942 F.2d at 777.

Although sound reasons might be advanced on either side of the argument of whether a *mens rea* component should exist or whether a mistake-of-age defense

11

should exist in section 22.021, determining the line that separates what is criminal from what is not lies peculiarly within the sphere of legislative discretion—especially, as here, where no fundamental right is at question. *See Lambert*, 355 U.S. at 228, 78 S. Ct. at 242. We have no authority to substitute our judgment for that of the legislature unless we find the classification to be arbitrary, capricious, and without reasonable relationship to the purposes of the statute. *See Ransom*, 942 F.2d at 777. We conclude that section 22.021 is neither arbitrary nor capricious and that it furthers the legitimate government interest of protecting children. *See Flores*, 507 U.S. at 305–06, 113 S. Ct. at 1448–49 (reasoning that states have a legitimate purpose concerning welfare of minors); *Scott*, 36 S.W.3d at 242 (holding that Texas's statutory rape statute does not violate due process and furthers legitimate interest in protecting the health and safety of children). Thus, we overrule each of Fleming's four points.

Having overruled all of Flemings points on appeal, we affirm the trial court's judgment.


BILL MEIER
JUSTICE

PANEL:  GARDNER and MEIER, JJ.; and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

PUBLISH

DELIVERED:  August 5, 2010

12