

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. PD-1529-10

---

**MARK ALEXANDER FLEMING, Appellant**

**v.**

**THE STATE OF TEXAS**

---

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE SECOND COURT OF APPEALS DENTON COUNTY

---

**Per curiam.  MEYERS, J., not participating.**

### O P I N I O N

Mark Alexander Fleming was convicted of four counts of aggravated sexual assault of a child under Texas Penal Code Section 22.021(a)(1)(B)(iii), (2)(B), Texas's strict-liability child-sexual-assault statute.  Before trial, Fleming filed a motion to quash the indictment, challenging the constitutionality of the statute under the Due Process Clause to the United States Constitution and the Texas Constitution's due course of law provision. Fleming claimed that the statute is unconstitutional because it does not have a mens rea requirement

and does not permit the affirmative defense of mistake of fact. The trial judge denied the motion.

Following his no contest plea and sentencing, Fleming appealed the trial judge's ruling to the Fort Worth Court of Appeals.[1] The court of appeals held that, under the Due Process Clause, the statute is constitutional.[2] The court declined to address Fleming's due course of law claim, holding that Fleming failed to preserve the issue for appeal because he failed to assert or brief "an argument that the due course of law analysis under the Texas constitution is different or provides greater protections" than the Due Process Clause.[3] Our review of Fleming's motion reveals that this conclusion was improvident. With respect to the constitutionality of our strict-liability child-sexual-assault statute, an issue never decided by the Supreme Court of the United States, Fleming briefed the issue under both constitutional provisions, describing the pertinent history of each constitutional provision in support of his specific argument. We therefore vacate the court of appeals's judgment and remand this case so the court of appeals can reconsider Fleming's contention that Section 22.021(a)(1)(B)(iii), (2)(B) violates Texas's due course of law provision. In doing so, the court of appeals will be required to decide the scope of the protections afforded by Texas's due course of law provision as it applies in this case. Thus, the court must discern whether

[1] 323 S.W.3d 540 (Tex. App.—Fort Worth 2010).

[2] *Id.* at 547.

[3] *Id.* at 543.

the provision, based on Fleming's argument and supporting authority, provides greater, lesser, or the same protections as it federal analog.[4]

DATE DELIVERED: June 15, 2011
PUBLISH

---

[4] *See e.g., Hulit v. State*, 982 S.W.2d 431, 437 (Tex. Crim. App. 1998).