IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1529-10






MARK ALEXANDER FLEMING, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


DENTON COUNTY





 Per curiam. Meyers, J., not participating.


O P I N I O N 


 Mark Alexander Fleming was convicted of four counts of aggravated sexual assault
of a child under Texas Penal Code Section 22.021(a)(1)(B)(iii), (2)(B), Texas's strict-liability
child-sexual-assault statute. Before trial, Fleming filed a motion to quash the indictment,
challenging the constitutionality of the statute under the Due Process Clause to the United
States Constitution and the Texas Constitution's due course of law provision. Fleming
claimed that the statute is unconstitutional because it does not have a mens rea requirement
and does not permit the affirmative defense of mistake of fact. The trial judge denied the
motion.

 Following his no contest plea and sentencing, Fleming appealed the trial judge's
ruling to the Fort Worth Court of Appeals. (1) The court of appeals held that, under the Due
Process Clause, the statute is constitutional. (2) The court declined to address Fleming's due
course of law claim, holding that Fleming failed to preserve the issue for appeal because he
failed to assert or brief "an argument that the due course of law analysis under the Texas
constitution is different or provides greater protections" than the Due Process Clause. (3) Our
review of Fleming's motion reveals that this conclusion was improvident. With respect to
the constitutionality of our strict-liability child-sexual-assault statute, an issue never decided
by the Supreme Court of the United States, Fleming briefed the issue under both
constitutional provisions, describing the pertinent history of each constitutional provision in
support of his specific argument. We therefore vacate the court of appeals's judgment and
remand this case so the court of appeals can reconsider Fleming's contention that Section
22.021(a)(1)(B)(iii), (2)(B) violates Texas's due course of law provision. In doing so, the
court of appeals will be required to decide the scope of the protections afforded by Texas's
due course of law provision as it applies in this case. Thus, the court must discern whether
the provision, based on Fleming's argument and supporting authority, provides greater,
lesser, or the same protections as it federal analog. (4) 

 

DATE DELIVERED: June 15, 2011

PUBLISH
1. 323 S.W.3d 540 (Tex. App.--Fort Worth 2010). 
2. Id. at 547.
3. Id. at 543.
4. See e.g., Hulit v. State, 982 S.W.2d 431, 437 (Tex. Crim. App. 1998).