EX PARTE JOSE *G.* QUINTANILLA.

No. 23954. Delivered November 26, 1947.
Rehearing Denied January 21, 1948.

*Joe P. Hatchitt*, of Corpus Christi, for appellant.

*Tillman Smith*, City Attorney, and *Neal Dancer*, Assistant City Attorney, both of Corpus Christi, and *Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator was charged in the Corporation Court of Corpus Christi, Texas, in four separate complaints with violations of the traffic laws, these causes being Nos. MO7223, MO7224, MO7225, and MO7226. All these cases were called for trial on May 20, 1947, and over relator's objection, "in the interest of time", the trial court proceeded to consolidate such four cases; that upon a jury being demanded, all four were submitted to the same jury, who found relator guilty in all of them and fined him in each case.

We think that the trial of all four separate cases before the same jury at the same time over relator's objection deprived him of the valuable right of a trial before an impartial jury in contravention of Art. 1, Sec. 10, of the State Constitution.

Again, it is shown from the record that in cause No. MO7223, relator gave notice of appeal and entered into a bond; that said cause is now pending in the County Court of Nueces County. If the trial court actually consolidated all four causes as the record shows he attempted to do, then all four causes, constituting but one case, are now on appeal to the county court. Nevertheless, the record shows that the basis of this habeas corpus writ is because of the fact that there had been issued out of the Corporation Court of Corpus Christi three commitments on capias pro fines, they being based on causes Nos. MO7224, MO7225 and MO7226, and that relator was held by the police under such commitments based on the judgments in such last three cases.

Furthermore, under the law, Corporation Courts of Texas are state courts and are governed by the same rules of practice as are other state courts. We find that these causes No. MO7224, MO7225 and MO7226 fall under same category as the complaint in the case of Johnson v. State, 193 S. W. (2d) 528, wherein virtually the whole statute relative to the law of vagrancy was charged in the same complaint. In these present three cases, relator stands charged with virtually every violation known to the traffic laws, all signed and sworn to by the same affiant, the particular violation being indicated by a check mark only. This proceeding resulted in relator being charged in a sworn complaint in one count with violating the whole statutory enactment relating to traffic violations, the pleader, however, intending to and did indicate by means of a check mark one single violation of the law. This does not evidence good pleading .See Art. 867, C. C. P.

The judgments in causes Nos. MO7224, MO7225 and MO7226 are not in good form. They do not indicate in what amount the jury fined the relator. In them the court does assess a fine of $75.00, $25.00 and $10.00 respectively, but nowhere is it shown what amount was assessed in each case by the jury trying the relator.

Because of the irregularities and contradictory matters found in the record presented to us, we think that the relator is not being held by due process of law, but is being deprived of his liberty contrary to the due course of the law of the land. See Art. 1, Sec. 19, Constitution of Texas.

What we have said herein, however, does not apply to cause No. MO7223, since it is the one now on appeal to the County Court of Nueces County.

The judgment is reversed and the relator will be discharged on causes Nos. MO7224, MO7225 and MO7226.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The City Attorney and Assistant City Attorney for the City of Corpus Christi in their motion for rehearing and brief insist that the judgments in the three cases here involved can not be attacked by habeas corpus proceedings unless said judgments are void.

This point was only cursorily adverted to in our original opinion, and may be somewhat enlarged upon here. We are bound by the record before us. The judgments in Cause No. MO7224 recites:

"* * * Upon plea of guilty Not guilty entered by defendant personally in open court defendant's-attorney-in-fact-pursuant to power-of-attorney and after hearing the evidence and considering the same.

"And after a trial of defendant according to law by six legally qualified jurors and after having received from such jurors a verdict finding defendant not-guilty guilty and assessing against defendant a fine of $ ......... .. ... ... ........

"This Court finds defendant not-guilty guilty of the offense charged in the complaint.

"It is therefore ordered and adjudged by this Court as follows:

"That the State of Texas, for the use and benefit of the City of Corpus Christi, do have and recover of defendant the sum of $25.-- the fine herein assessed, * * *"

The judgments in the other two cases are in exactly the same condition, showing no fine assessed by the jury, but in No. MO7225 the court authorizes a punishment of $15.00 fine, and in No. MO7226, no fine is assessed by the jury, but the court authorizes a punishment of $10.00 fine. Under our court system, where a case is tried before a jury, the punishment must be assessed by the jury, except in those rare instances mentioned in Art. 693 C. C. P. (1925), which provides that a verdict shall be general and: "* * * If the plea is not guilty, they—(the jury)—must find that the defendant is either 'guilty' or 'not guilty', *and they shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty.*" (Italics ours.) Illustrated in Gerard v. State, 91 Tex. Cr. R. 374, 238 S. W. 924.

The record before this court shows affirmatively by the recitals in the judgment that no punishment was assessed by the jury, but was fixed by the Corporation Court Judge. Such a judgment in this character of case is void.

The motion for rehearing is overruled.