02-09-094-CR















 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 2-09-094-CR

 

 


 
 
 FRANCISCO HORTA LICEA
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM THE 213TH
 DISTRICT COURT OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

I.  Introduction

Appellant
Francisco Horta Licea appeals his convictions for aggravated sexual assault of
a child under the age of fourteen[2]
and indecency with a child.[3]  In three points, Licea complains that the
trial court erred by overruling his motion to sever the two charges; that the
trial court erred by overruling his objection to comments made by the
prosecutor during the State’s initial closing argument; and that the trial
court erred by not granting a mistrial after the trial court sustained his
objection to a comment made by the State during final closing argument.  We will affirm.

II.  Background

In the
early morning of July 30, 2005, Licea was at home in bed.  The only other person home was Licea’s
stepdaughter—the complainant—who at the time was thirteen years old.  According to the stepdaughter, she awoke and
went into her mother’s bedroom, where Licea was in bed, with the purpose of
asking her mother if she could go with her to deliver newspapers.  Her mother—Licea’s wife—had already left on
her daily paper route.  By the
stepdaughter’s account, when she entered the bedroom, Licea grabbed her and
forced her onto the bed.  Despite her attempts
to fight him off, Licea allegedly lifted her shirt and bra and began to kiss
her breasts.  Licea then allegedly pulled
off her shorts and panties and vaginally penetrated her with his penis.  The stepdaughter testified that the event was
painful and felt like it lasted forever. 
The stepdaughter testified that after Licea had finished, he laid
down.  She said that she then ran out of
the room, grabbed a cell phone, and called her mother.  The stepdaughter said that she hid in a tree
until her mother came home.  She then
told her mother what had happened, and her mother confronted Licea.

Licea
pleaded guilty to both charges, but he preserved his right to appeal the issues
in this case.  Licea elected to have a
jury assess punishment.  It is undisputed
by Licea that he sexually assaulted his stepdaughter.  Licea, however, claims that it was the
stepdaughter who initiated the contact. 
According to Licea, his stepdaughter came into his room, woke him by
tapping his shoulder, and asked him if he wanted her to remove her clothes.  Licea said that she then “placed herself over
[him], on top of [him],” where he then kissed her and fondled her breasts.  He admitted that although he knew it was
wrong, he also vaginally penetrated her with his penis.  Licea testified that the event lasted roughly
ten minutes.

After the
mother confronted Licea, he admitted he had inappropriately touched the
complainant.  The mother then called the
police.  Before the police arrived, Licea
left in his truck and was apprehended more than two years later in Pennsylvania
in November of 2007.  DNA collected the
day of the assault matched DNA collected from Licea after he was
apprehended.  A jury assessed punishment
at twenty-five years’ confinement for the aggravated sexual assault and five
years’ confinement for the indecency with a child by contact.  The sentences are to run concurrently.  This appeal followed.

III.  Discussion

          A.      Licea’s Motion to Sever

In his
first point, Licea complains that the trial court erred by overruling his
motion to sever the count of aggravated sexual assault of a child under
fourteen years of age from the count of indecent contact with a child.  Licea argues on appeal, as he did in his
motion to sever, that severance of these two counts was mandatory under Texas
Penal Code section 3.04(a) (Vernon Supp. 2009).[4]  We disagree.

The Texas Penal
Code provides that “[a] defendant may be prosecuted in a single criminal action
for all offenses arising out of the same criminal episode.”  Tex. Penal Code § 3.02(a) (Vernon 2003).  The code defines a criminal episode as the
commission of two or more offenses if “the offenses are the repeated commission
of the same or similar offenses.”  Tex.
Penal Code § 3.01(2) (Vernon 2003).

Generally,
a defendant is entitled to severance if he timely objects to the joinder.  Salazar
v. State, 127 S.W.3d 355, 364 (Tex. App.—Houston [14th Dist.] 2004, pet.
ref’d) (citing Tex. Penal Code
§§ 3.02, .04(a)) (“However, a defendant generally has the right to demand
that cases consolidated under section 3.02 be severed for trial.”); see also Wedlow v. State, 807 S.W.2d 847,
851 (Tex. App.—Dallas), pet. ref’d, 814 S.W.2d 750 (Tex. Crim. App. 1991)
(“[I]f a defendant timely objects to the trial of multiple indictments in a
single trial, he is entitled to severance.”) (citing Ex parte Quintanilla, 151 Tex. Crim. 328, 207 S.W.2d 377,
378 (1947)).  But a defendant’s right to
severance is limited by section 3.04(c) of the Texas Penal Code.  Tex. Penal Code § 3.04(c) (Vernon Supp. 2009);
Salazar, 127 S.W.3d at 364 (citing Tex. Penal Code § 3.04(c)).  Section 3.04(c) provides that a defendant’s
right to severance does not apply to offenses, like in this case, that are
joined pursuant to section 3.03(b)(2) unless the trial court determines that
the defendant or the State would be unfairly prejudiced by the joinder.  Salazar,
127 S.W.3d at 364  (citing Tex. Penal Code §§ 3.04(c), .03(b)(2)); see also Matthews v. State, 152 S.W.3d
723, 730 (Tex. App.—Tyler 2004, no pet.) (“A defendant's right to sever two or
more offenses that have been consolidated or joined for trial does not apply to
a prosecution for . . . aggravated sexual assault of a victim under
seventeen years of age unless the court determines that the defendant or the
state would be unfairly prejudiced by a joinder of offenses.”) (citing Tex. Penal Code
§ 3.04(c)).  Section 3.03(b)(2), in
turn, applies to certain sexual offenses against victims younger than seventeen
years old, such as those in Licea’s case. 
See Tex. Penal Code
§ 3.03(b)(2)(A) (Vernon Supp. 2009).

Therefore,
when the State joins certain sexual offenses against victims under seventeen
years old, a defendant’s right to severance is limited and severance is not
required in the absence of a showing of unfair prejudice.  See id.
§§ 3.03(b)(2)(A), 3.04(c).  Before
trial, Licea objected to the State’s joinder of the two offenses.  He claimed then that he would be “prejudiced
by having to defend himself on two charges before the same jury.”  But Licea has not explained, at the trial
court level nor on appeal, how the joinder would cause him unfair
prejudice.  Because Licea did not show
that he would be unfairly prejudiced by the joinder of these two offenses in a
single trial, we conclude that the trial court did not err by refusing Licea’s
request for severance and overrule his first point.  See id.
§ 3.04(c) (providing for a right of severance only when “the defendant or
the state would be unfairly prejudiced by a joinder of offenses”).

          B.      Prosecutor’s Comments to the Jury

In points
two and three, Licea complains that the prosecutor engaged in improper jury
argument.  To be permissible, the State's
jury argument must fall within one of the following four general
areas:  (1) summation of the evidence; (2) reasonable
deduction from the evidence; (3) answer to argument of opposing counsel;
or (4) plea for law enforcement.  Felder v. State, 848 S.W.2d 85, 94–95
(Tex. Crim. App. 1992), cert. denied,
510 U.S. 829 (1993); Alejandro v. State,
493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

1.       “Admitted Pedophile”

In point
two, Licea complains that during the State’s initial closing argument, the
trial court erred by overruling his objection to the prosecutor’s referring to
Licea as an “admitted pedophile.”  It is
important to point out that Licea’s complaint to the trial court was that
pedophilia required “a chronic series of events.”  That complaint does not comport with either
complaint that might be gleaned from Licea’s brief—that either there was “no
suggestion of [pedophilia] at all in the trial” or that the comment was an
“improper inflammatory argument.”  See Banda v.
Garcia, 955 S.W.2d 270, 272 (Tex. 1997) (holding that complaint on appeal must
be the same as that presented in the trial court).  In the interest of justice, however, we note
that Texas courts have upheld arguments calling a defendant an animal, a fool,
vicious, a liar, a dog, a cold-blooded killer, a jerk, a troublemaker, a
one-man crime wave, and even a pedophile.  See
Belton v. State, 900 S.W.2d 886, 898 (Tex. App.—El Paso 1995, pet. ref’d)
(animal); Vitiello v. State, 848
S.W.2d 885, 888 (Tex. App.—Houston [14th Dist.] 1993, pet. ref’d) (fool); Ledesma v. State, 828 S.W.2d 560, 563
(Tex. App.—El Paso 1992, no pet.) (vicious); Adams v. State, 813 S.W.2d 698, 699–701 (Tex. App.—Houston [1st
Dist.] 1991, pet. ref’d) (liar); Garza v.
State, 783 S.W.2d 796, 799–800 (Tex. App.—San Antonio 1990, no pet.) (dog);
Varvaro v. State, 772 S.W.2d 140, 144
(Tex. App.—Tyler 1988, pet. ref’d) (cold-blooded killer); Cates v. State, 752 S.W.2d 175, 177 (Tex. App.—Dallas 1988, no
pet.) (jerk); Duncantell v. State,
563 S.W.2d 252, 258 (Tex. Crim. App.), cert.
denied, 439 U.S. 1032 (1978) (troublemaker); Villarreal v. State, 576 S.W.2d 51, 63 (Tex. Crim. App. 1978), cert. denied, 444 U.S. 885 (1979)
(one-man crime wave); Browning v. State,
No. 11-07-00211-CR, 2008 WL 4174681, at *1–2 (Tex. App.—Eastland Sept. 11,
2008, no pet.) (mem. op., not designated for publication) (pedophile).

In the
context of the entire record before us—including Licea’s own testimony that he kissed
the thirteen-year-old complainant, touched her breasts, and had vaginal
intercourse with her—the prosecutor's argument that Licea was an “admitted pedophile” was a reasonable
deduction from the evidence.  Felder, 848 S.W.2d at 94–95.  Accordingly, the trial court did not err by
overruling Licea's objection; thus, we overrule Licea’s second point.

2.         “Deeply Offended”

In point
three, Licea complains that the trial court erred by not granting a mistrial
after the prosecutor stated that she was “deeply offended” that Licea was attempting
to shift blame to the thirteen-year-old complainant for the sexual encounter
that led to the charges against Licea. 
Licea makes this complaint despite the fact that the trial court
instructed the jury to disregard the statement immediately following his
objection.

The State
insists that the argument was not improper because the prosecutor was permitted
to express her personal opinion in response to defense counsel’s argument that
the complainant had seduced Licea as a ruse so that she might complain and get
Licea to leave the house.  Alternatively,
the State argues that the argument was not sufficiently extreme to warrant a
mistrial.

A
prosecutor may argue personal opinions concerning issues in the case so long as
the opinions are based on evidence in the record and do not constitute unsworn
testimony.  Wolfe v. State, 917 S.W.2d 270, 281 (Tex. Crim. App. 1996); McKay v. State, 707 S.W.2d 23, 37 (Tex.
Crim. App. 1985), cert. denied, 479
U.S. 871 (1986).

In this
case, the prosecutor‘s personal opinion was both a reasonable deduction from
the evidence and was a response to opposing counsel’s own argument.  Licea testified that he had engaged in
intercourse with the thirteen-year-old complainant.  And during his testimony, Licea said that the
complainant had approached him and that even though he knew he was wrong, it
was the complainant who engaged in intercourse with him.  In opposing counsel’s closing argument,
counsel argued that the complainant had “wanted [Licea] out of the house,” that
her previous attempts to rid the family of Licea had failed, that “She had to
come up with a better solution than [the previous attempts,] and [that] she
came up with [seducing Licea].  And it
worked; he left the house.”  We find no
infirmity in the prosecutor’s statement. 
See Wolfe, 917 S.W.2d at 281; see also Thiboult v. State, No.
02-06-00449-CR, 2008 WL 45757, at *4–5 (Tex. App.—Fort Worth Jan. 3, 2008, pet.
ref'd) (mem. op., not designated for publication) (holding that prosecutor's
opinion that defendant was guilty was proper when given in context of analysis
of the evidence).

But even
assuming that the argument was error, we conclude that the argument was not so
inflammatory as to be incurable by the trial court’s order to the jury to
disregard the prosecutor’s statement. 
The efficacy of a curative instruction is to be determined on a
case-by-case basis.  Swallow v. State, 829 S.W.2d 223, 227 (Tex. Crim. App. 1992).  In determining whether improper jury argument
warrants a mistrial, we balance three factors:  (1) the severity
of the misconduct (the magnitude of the prejudicial effect of the prosecutor's
remarks); (2) the measures adopted to cure the misconduct (the efficacy of
any cautionary instructions by the judge); and (3) the certainty of the
conviction absent the misconduct (the strength of the evidence supporting the
conviction).  Berry v. State, 233 S.W.3d 847, 858–59 (Tex. Crim. App. 2007); Mosley v. State, 983 S.W.2d 249, 259
(Tex. Crim. App. 1998), cert. denied,
526 U.S. 1070 (1999).  In cases involving
direct statements of personal belief as to the credibility of a witness,
instructions to disregard have been considered effective to cure any harm.  See,
e.g., McDonald v. State, 148 S.W.3d 598, 603 (Tex. App.—Houston [14th
Dist.] 2004) (instruction cured prosecutor's statement that he thought victim
was “very believable”), aff'd on other
grounds, 179 S.W.3d 571 (Tex. Crim. App. 2005); Nauert v. State, 838 S.W.2d 328, 329–30 (Tex. App.—Austin 1992,
pet. ref’d) (instruction to disregard cured harm from prosecutor’s suggestion
that jury should believe witnesses because prosecutors and investigators
believed her).  Indeed, most improper
arguments may be cured by an instruction to disregard.  Faulkner
v. State, 940 S.W.2d 308, 312 (Tex. App.—Fort Worth 1997, pet. ref’d).  This is so because we generally presume the
trial court's instruction will be obeyed by the jury.  Colburn
v. State, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998).

Consideration
of these factors does not militate in favor of Licea.  The prosecutor's statement was not so
inflammatory as to be incurable, and the record does not reflect a flagrant
disregard for the permissible bounds of argument.  The prosecutor did not repeat the statement
after Licea's objection, and the trial judge immediately gave the requested
instruction to disregard the argument. 
The trial judge also included an instruction in the jury charge stating
that the jurors were permitted to receive evidence regarding this case only
from the witness stand and not “from any other source.”  Furthermore, the case against Licea was
incredibly strong; he consistently testified that he knew it was wrong to
engage in sexual intercourse with the thirteen-year-old complainant.  Licea pleaded guilty to both offenses.

After
reviewing the trial court's instruction and the record, we conclude that the
argument was not sufficiently egregious to overcome the presumed
efficaciousness of the instruction to disregard.  Therefore, the trial court did not err by
refusing to grant a mistrial; thus, we overrule Licea’s third point.

IV.  Conclusion

Having
overruled all three of Licea’s points, we affirm the trial court’s judgments.

 

 

                                                                             
 
 
 
 
 
 
 
 BILL MEIER

                                                                             
 
 
 JUSTICE

 

PANEL:  
 
 
 
 
 
 
 GARDNER, 
 
 
 
 
 
 WALKER, and 
 
 
 
 
 
 MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 27, 2010











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
§ 22.021(a)(2)(B) (Vernon Supp. 2009).





[3]See Tex. Penal Code § 21.11(a)(1)
(Vernon Supp. 2009).





[4]Licea
never raised the additional challenge he now raises that “the statutes that govern
severance which are codified in Chapter 3 of the Texas Penal Code are
ambiguous” in the court below; therefore, we do not address that part of his
first point because it was not preserved. 
See Cornealius v. State, 870
S.W.2d 169, 174 (Tex. App.—Houston [14th Dist.] 1994), aff'd, 900 S.W.2d 731 (Tex. Crim. App. 1995) (citing Coffey v. State, 796 S.W.2d 175, 179 (Tex. Crim. App.), aff’d, 796 S.W.2d 175 (Tex. Crim. App.
1990); Thomas v. State, 723 S.W.2d
696, 700 (Tex. Crim. App. 1986) (en banc)).