

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-09-094-CR

FRANCISCO HORTA
LICEA

APPELLANT

V.

THE STATE OF TEXAS

STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Francisco Horta Licea appeals his convictions for aggravated sexual assault of a child under the age of fourteen[2] and indecency with a child.[3] In three points, Licea complains that the trial court erred by overruling his motion

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code § 22.021(a)(2)(B) (Vernon Supp. 2009).

[3]*See* Tex. Penal Code § 21.11(a)(1) (Vernon Supp. 2009).

to sever the two charges; that the trial court erred by overruling his objection to comments made by the prosecutor during the State's initial closing argument; and that the trial court erred by not granting a mistrial after the trial court sustained his objection to a comment made by the State during final closing argument. We will affirm.

## II. BACKGROUND

In the early morning of July 30, 2005, Licea was at home in bed. The only other person home was Licea's stepdaughter—the complainant—who at the time was thirteen years old. According to the stepdaughter, she awoke and went into her mother's bedroom, where Licea was in bed, with the purpose of asking her mother if she could go with her to deliver newspapers. Her mother—Licea's wife—had already left on her daily paper route. By the stepdaughter's account, when she entered the bedroom, Licea grabbed her and forced her onto the bed. Despite her attempts to fight him off, Licea allegedly lifted her shirt and bra and began to kiss her breasts. Licea then allegedly pulled off her shorts and panties and vaginally penetrated her with his penis. The stepdaughter testified that the event was painful and felt like it lasted forever. The stepdaughter testified that after Licea had finished, he laid down. She said that she then ran out of the room, grabbed a cell phone, and called her mother. The stepdaughter said that she hid in a tree until her mother came home. She then told her mother what had happened, and her mother confronted Licea.

2

Licea pleaded guilty to both charges, but he preserved his right to appeal the issues in this case. Licea elected to have a jury assess punishment. It is undisputed by Licea that he sexually assaulted his stepdaughter. Licea, however, claims that it was the stepdaughter who initiated the contact. According to Licea, his stepdaughter came into his room, woke him by tapping his shoulder, and asked him if he wanted her to remove her clothes. Licea said that she then "placed herself over [him], on top of [him]," where he then kissed her and fondled her breasts. He admitted that although he knew it was wrong, he also vaginally penetrated her with his penis. Licea testified that the event lasted roughly ten minutes.

After the mother confronted Licea, he admitted he had inappropriately touched the complainant. The mother then called the police. Before the police arrived, Licea left in his truck and was apprehended more than two years later in Pennsylvania in November of 2007. DNA collected the day of the assault matched DNA collected from Licea after he was apprehended. A jury assessed punishment at twenty-five years' confinement for the aggravated sexual assault and five years' confinement for the indecency with a child by contact. The sentences are to run concurrently. This appeal followed.

### III. DISCUSSION

#### A. Licea's Motion to Sever

In his first point, Licea complains that the trial court erred by overruling his motion to sever the count of aggravated sexual assault of a child under fourteen

3

years of age from the count of indecent contact with a child. Licea argues on appeal, as he did in his motion to sever, that severance of these two counts was mandatory under Texas Penal Code section 3.04(a) (Vernon Supp. 2009).[4] We disagree.

The Texas Penal Code provides that "[a] defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode." Tex. Penal Code § 3.02(a) (Vernon 2003). The code defines a criminal episode as the commission of two or more offenses if "the offenses are the repeated commission of the same or similar offenses." Tex. Penal Code § 3.01(2) (Vernon 2003).

Generally, a defendant is entitled to severance if he timely objects to the joinder. *Salazar v. State*, 127 S.W.3d 355, 364 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (*citing* Tex. Penal Code §§ 3.02, .04(a)) ("However, a defendant generally has the right to demand that cases consolidated under section 3.02 be severed for trial."); *see also Wedlow v. State*, 807 S.W.2d 847, 851 (Tex. App.—Dallas), pet. ref'd, 814 S.W.2d 750 (Tex. Crim. App. 1991) ("[I]f a defendant timely objects to the trial of multiple indictments in a single trial, he is entitled to

---

[4]Licea never raised the additional challenge he now raises that "the statutes that govern severance which are codified in Chapter 3 of the Texas Penal Code are ambiguous" in the court below; therefore, we do not address that part of his first point because it was not preserved. *See Cornealius v. State*, 870 S.W.2d 169, 174 (Tex. App.—Houston [14th Dist.] 1994), *aff'd*, 900 S.W.2d 731 (Tex. Crim. App. 1995) (*citing Coffey v. State*, 796 S.W.2d 175, 179 (Tex. Crim. App.), *aff'd*, 796 S.W.2d 175 (Tex. Crim. App. 1990); *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986) (en banc)).

4

severance.") (*citing Ex parte Quintanilla*, 151 Tex. Crim. 328, 207 S.W.2d 377, 378 (1947)).  But a defendant's right to severance is limited by section 3.04(c) of the Texas Penal Code.  Tex. Penal Code § 3.04(c) (Vernon Supp. 2009); *Salazar*, 127 S.W.3d at 364 (*citing* Tex. Penal Code § 3.04(c)).  Section 3.04(c) provides that a defendant's right to severance does not apply to offenses, like in this case, that are joined pursuant to section 3.03(b)(2) unless the trial court determines that the defendant or the State would be unfairly prejudiced by the joinder.  *Salazar*, 127 S.W.3d at 364  (*citing* Tex. Penal Code §§ 3.04(c), .03(b)(2)); *see also Matthews v. State*, 152 S.W.3d 723, 730 (Tex. App.—Tyler 2004, no pet.) ("A defendant's right to sever two or more offenses that have been consolidated or joined for trial does not apply to a prosecution for . . . aggravated sexual assault of a victim under seventeen years of age unless the court determines that the defendant or the state would be unfairly prejudiced by a joinder of offenses.") (*citing* Tex. Penal Code § 3.04(c)).  Section 3.03(b)(2), in turn, applies to certain sexual offenses against victims younger than seventeen years old, such as those in Licea's case.  *See* Tex. Penal Code § 3.03(b)(2)(A) (Vernon Supp. 2009).

Therefore, when the State joins certain sexual offenses against victims under seventeen years old, a defendant's right to severance is limited and severance is not required in the absence of a showing of unfair prejudice.  *See id.* §§ 3.03(b)(2)(A), 3.04(c).  Before trial, Licea objected to the State's joinder of the two offenses.  He claimed then that he would be "prejudiced by having to

5

defend himself on two charges before the same jury." But Licea has not explained, at the trial court level nor on appeal, how the joinder would cause him unfair prejudice. Because Licea did not show that he would be unfairly prejudiced by the joinder of these two offenses in a single trial, we conclude that the trial court did not err by refusing Licea's request for severance and overrule his first point. *See id.* § 3.04(c) (providing for a right of severance only when "the defendant or the state would be unfairly prejudiced by a joinder of offenses").

### B. Prosecutor's Comments to the Jury

In points two and three, Licea complains that the prosecutor engaged in improper jury argument. To be permissible, the State's jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), *cert. denied*, 510 U.S. 829 (1993); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

### 1. "Admitted Pedophile"

In point two, Licea complains that during the State's initial closing argument, the trial court erred by overruling his objection to the prosecutor's referring to Licea as an "admitted pedophile." It is important to point out that Licea's complaint to the trial court was that pedophilia required "a chronic series of events." That complaint does not comport with either complaint that might be gleaned from Licea's brief—that either there was "no suggestion of [pedophilia] at

6

all in the trial" or that the comment was an "improper inflammatory argument." *See Banda v. Garcia,* 955 S.W.2d 270, 272 (Tex. 1997) (holding that complaint on appeal must be the same as that presented in the trial court). In the interest of justice, however, we note that Texas courts have upheld arguments calling a defendant an animal, a fool, vicious, a liar, a dog, a cold-blooded killer, a jerk, a troublemaker, a one-man crime wave, and even a pedophile. *See Belton v. State*, 900 S.W.2d 886, 898 (Tex. App.—El Paso 1995, pet. ref'd) (animal); *Vitiello v. State*, 848 S.W.2d 885, 888 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (fool); *Ledesma v. State*, 828 S.W.2d 560, 563 (Tex. App.—El Paso 1992, no pet.) (vicious); *Adams v. State*, 813 S.W.2d 698, 699–701 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd) (liar); *Garza v. State*, 783 S.W.2d 796, 799–800 (Tex. App.—San Antonio 1990, no pet.) (dog); *Varvaro v. State*, 772 S.W.2d 140, 144 (Tex. App.—Tyler 1988, pet. ref'd) (cold-blooded killer); *Cates v. State*, 752 S.W.2d 175, 177 (Tex. App.—Dallas 1988, no pet.) (jerk); *Duncantell v. State*, 563 S.W.2d 252, 258 (Tex. Crim. App.), *cert. denied*, 439 U.S. 1032 (1978) (troublemaker); *Villarreal v. State*, 576 S.W.2d 51, 63 (Tex. Crim. App. 1978), *cert. denied*, 444 U.S. 885 (1979) (one-man crime wave); *Browning v. State*, No. 11-07-00211-CR, 2008 WL 4174681, at *1–2 (Tex. App.—Eastland Sept. 11, 2008, no pet.) (mem. op., not designated for publication) (pedophile).

In the context of the entire record before us—including Licea's own testimony that he kissed the thirteen-year-old complainant, touched her breasts, and had vaginal intercourse with her—the prosecutor's argument that Licea was

7

an "*admitted* pedophile" was a reasonable deduction from the evidence. *Felder*, 848 S.W.2d at 94–95. Accordingly, the trial court did not err by overruling Licea's objection; thus, we overrule Licea's second point.

### 2. "Deeply Offended"

In point three, Licea complains that the trial court erred by not granting a mistrial after the prosecutor stated that she was "deeply offended" that Licea was attempting to shift blame to the thirteen-year-old complainant for the sexual encounter that led to the charges against Licea. Licea makes this complaint despite the fact that the trial court instructed the jury to disregard the statement immediately following his objection.

The State insists that the argument was not improper because the prosecutor was permitted to express her personal opinion in response to defense counsel's argument that the complainant had seduced Licea as a ruse so that she might complain and get Licea to leave the house. Alternatively, the State argues that the argument was not sufficiently extreme to warrant a mistrial.

A prosecutor may argue personal opinions concerning issues in the case so long as the opinions are based on evidence in the record and do not constitute unsworn testimony. *Wolfe v. State*, 917 S.W.2d 270, 281 (Tex. Crim. App. 1996); *McKay v. State*, 707 S.W.2d 23, 37 (Tex. Crim. App. 1985), *cert. denied*, 479 U.S. 871 (1986).

In this case, the prosecutor's personal opinion was both a reasonable deduction from the evidence and was a response to opposing counsel's own

8

argument. Licea testified that he had engaged in intercourse with the thirteen-year-old complainant. And during his testimony, Licea said that the complainant had approached him and that even though he knew he was wrong, it was the complainant who engaged in intercourse with him. In opposing counsel's closing argument, counsel argued that the complainant had "wanted [Licea] out of the house," that her previous attempts to rid the family of Licea had failed, that "She had to come up with a better solution than [the previous attempts,] and [that] she came up with [seducing Licea]. And it worked; he left the house." We find no infirmity in the prosecutor's statement. *See Wolfe*, 917 S.W.2d at 281; *see also Thiboult v. State*, No. 02-06-00449-CR, 2008 WL 45757, at \*4–5 (Tex. App.—Fort Worth Jan. 3, 2008, pet. ref'd) (mem. op., not designated for publication) (holding that prosecutor's opinion that defendant was guilty was proper when given in context of analysis of the evidence).

But even assuming that the argument was error, we conclude that the argument was not so inflammatory as to be incurable by the trial court's order to the jury to disregard the prosecutor's statement. The efficacy of a curative instruction is to be determined on a case-by-case basis. *Swallow v. State*, 829 S.W.2d 223, 227 (Tex. Crim. App. 1992). In determining whether improper jury argument warrants a mistrial, we balance three factors: (1) the severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks); (2) the measures adopted to cure the misconduct (the efficacy of any cautionary instructions by the judge); and (3) the certainty of the conviction absent the

9

misconduct (the strength of the evidence supporting the conviction). *Berry v. State*, 233 S.W.3d 847, 858–59 (Tex. Crim. App. 2007); *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998), *cert. denied*, 526 U.S. 1070 (1999). In cases involving direct statements of personal belief as to the credibility of a witness, instructions to disregard have been considered effective to cure any harm. *See, e.g., McDonald v. State*, 148 S.W.3d 598, 603 (Tex. App.—Houston [14th Dist.] 2004) (instruction cured prosecutor's statement that he thought victim was "very believable"), *aff'd on other grounds*, 179 S.W.3d 571 (Tex. Crim. App. 2005); *Nauert v. State*, 838 S.W.2d 328, 329–30 (Tex. App.—Austin 1992, pet. ref'd) (instruction to disregard cured harm from prosecutor's suggestion that jury should believe witnesses because prosecutors and investigators believed her). Indeed, most improper arguments may be cured by an instruction to disregard. *Faulkner v. State*, 940 S.W.2d 308, 312 (Tex. App.—Fort Worth 1997, pet. ref'd). This is so because we generally presume the trial court's instruction will be obeyed by the jury. *Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998).

Consideration of these factors does not militate in favor of Licea. The prosecutor's statement was not so inflammatory as to be incurable, and the record does not reflect a flagrant disregard for the permissible bounds of argument. The prosecutor did not repeat the statement after Licea's objection, and the trial judge immediately gave the requested instruction to disregard the argument. The trial judge also included an instruction in the jury charge stating

that the jurors were permitted to receive evidence regarding this case only from the witness stand and not "from any other source." Furthermore, the case against Licea was incredibly strong; he consistently testified that he knew it was wrong to engage in sexual intercourse with the thirteen-year-old complainant. Licea pleaded guilty to both offenses.

After reviewing the trial court's instruction and the record, we conclude that the argument was not sufficiently egregious to overcome the presumed efficaciousness of the instruction to disregard. Therefore, the trial court did not err by refusing to grant a mistrial; thus, we overrule Licea's third point.

## IV. Conclusion

Having overruled all three of Licea's points, we affirm the trial court's judgments.

BILL MEIER
JUSTICE

PANEL: GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 27, 2010

11