

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1529-10

**MARK ALEXANDER FLEMING, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### DENTON COUNTY

KEASLER, J., filed a concurring opinion in which HERVEY and COCHRAN, JJ., joined.

### CONCURRING OPINION

I agree with the Court's determination to remand. But I write separately to express

my opinion about Texas's due course of law provision. To date, this Court has not rendered

an opinion on the scope of the substantive rights and protections afforded by the due course

of law provision. However, this Court and the Texas Supreme Court have interpreted the due

course of law provision to provide the same procedural rights and protections as the Due

Process Clause.[1] Therefore, cases from the Supreme Court of the United States have guided Texas issues involving procedural due course of law.[2] Given this longstanding precedent, I see no reason to reach a contrary conclusion with respect to substantive rights and protections.

Notably, former Chief Justice Phillips of the Texas Supreme Court discussed substantive due process under the Texas Constitution in his dissenting opinion in *Lucas v. United States*.[3] He observed that most Texas decisions addressing substantive due process have relied on federal authorities or have regarded Texas's due course of law provision to be the same as its federal analog.[4] Only a minority of cases have suggested that the due course of law provision "has any independent meaning."[5] Thus, "it is not firmly established in Texas jurisprudence."[6] With the Texas Supreme Court's precedent on substantive due

---

[1] *Rose v. State*, 752 S.W.2d 529, 536-37 (Tex. Crim. App. 1987), *superceded by statute*; *Thompson v. State*, 626 S.W.2d 750, 753 (Tex. Crim. App. 1981); *see Ex parte Quintanilla*, 207 S.W.2d 377, 378-79 (Tex. Crim. App. 1947); *see generally Huntsman v. State*, 12 Tex. Ct. App. 619, 625-50 (Tex. Ct. App. 1882); *University of Texas Medical School v. Than*, 901 S.W.2d 926, 929 (Tex. 1995) (citing *Mellinger v. City of Houston*, 3 S.W. 249, 252-53 (Tex. 1887)); *see also National Collegiate Athletic Association v. Yeo*, 171 S.W.3d 863, 867-68 (Tex. 2005).

[2] *Rose*, 752 S.W.2d at 536-37; *Huntsman*, 12 Tex. Ct. App. at 634; *Than*, 901 S.W.2d at 929.

[3] 757 S.W.2d 687, 712-13 (Tex. 1988) (Phillips, C.J., dissenting).

[4] *Id.* at 712.

[5] *Id.* at 713.

[6] *Id.* at 714.

process firmly established, it would make no sense to reach an decision that conflicts with our sister court.

I also agree with former Presiding Judge McCormick's dissent in *State v. Ibarra*: "the federalization of this State's criminal law and the vast expansion of federal power into areas that traditionally had been reserved solely to the states preempt any 'independent' state constitutional analysis."[7] The practical implications of this approach noted by Presiding Judge McCormick are highly persuasive. Law enforcement and defendants would be aware of the applicability and scope of the protections and rights, and appellate courts would not have to grapple with different burdens and frameworks.[8]

With these comments, I join the Court's opinion.

DATE DELIVERED: June 15, 2011
PUBLISH

---

[7] 953 S.W2d 242, 249 (Tex. Crim. App. 1997) (McCormick, P.J., dissenting).

[8] *Id.* at 250.