IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1529-10






MARK ALEXANDER FLEMING, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


DENTON COUNTY





 Keasler, J., filed a concurring opinion in which Hervey and Cochran, JJ.,
joined.


CONCURRING OPINION 


 I agree with the Court's determination to remand. But I write separately to express
my opinion about Texas's due course of law provision. To date, this Court has not rendered
an opinion on the scope of the substantive rights and protections afforded by the due course
of law provision. However, this Court and the Texas Supreme Court have interpreted the due
course of law provision to provide the same procedural rights and protections as the Due
Process Clause. (1) Therefore, cases from the Supreme Court of the United States have guided
Texas issues involving procedural due course of law. (2) Given this longstanding precedent,
I see no reason to reach a contrary conclusion with respect to substantive rights and
protections. 

 Notably, former Chief Justice Phillips of the Texas Supreme Court discussed
substantive due process under the Texas Constitution in his dissenting opinion in Lucas v.
United States. (3) He observed that most Texas decisions addressing substantive due process
have relied on federal authorities or have regarded Texas's due course of law provision to
be the same as its federal analog. (4) Only a minority of cases have suggested that the due
course of law provision "has any independent meaning." (5) Thus, "it is not firmly established
in Texas jurisprudence." (6) With the Texas Supreme Court's precedent on substantive due
process firmly established, it would make no sense to reach an decision that conflicts with
our sister court. I also agree with former Presiding Judge McCormick's dissent in State v. Ibarra: "the
federalization of this State's criminal law and the vast expansion of federal power into areas
that traditionally had been reserved solely to the states preempt any 'independent' state
constitutional analysis." (7) The practical implications of this approach noted by Presiding
Judge McCormick are highly persuasive. Law enforcement and defendants would be aware
of the applicability and scope of the protections and rights, and appellate courts would not
have to grapple with different burdens and frameworks. (8) 

 With these comments, I join the Court's opinion. 


DATE DELIVERED: June 15, 2011

PUBLISH
1. Rose v. State, 752 S.W.2d 529, 536-37 (Tex. Crim. App. 1987), superceded by
statute; Thompson v. State, 626 S.W.2d 750, 753 (Tex. Crim. App. 1981); see Ex parte
Quintanilla, 207 S.W.2d 377, 378-79 (Tex. Crim. App. 1947); see generally Huntsman v.
State, 12 Tex. Ct. App. 619, 625-50 (Tex. Ct. App. 1882); University of Texas Medical
School v. Than, 901 S.W.2d 926, 929 (Tex. 1995) (citing Mellinger v. City of Houston, 3
S.W. 249, 252-53 (Tex. 1887)); see also National Collegiate Athletic Association v. Yeo,
171 S.W.3d 863, 867-68 (Tex. 2005).
2. Rose, 752 S.W.2d at 536-37; Huntsman, 12 Tex. Ct. App. at 634; Than, 901
S.W.2d at 929. 
3. 757 S.W.2d 687, 712-13 (Tex. 1988) (Phillips, C.J., dissenting).
4. Id. at 712.
5. Id. at 713.
6. Id. at 714.
7. 953 S.W2d 242, 249 (Tex. Crim. App. 1997) (McCormick, P.J., dissenting). 
8. Id. at 250.