**Charles Wendell THOMPSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 68380.

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 9, 1981.

F. Dean White, Canton, on appeal only, for appellant.

Richard Davis, Dist. Atty., Canton, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, CLINTON and McCORMICK, JJ.

## OPINION

CLINTON, Judge.

Before us is an attempted appeal from an order purporting to revoke probation and sentence appellant to two years confinement in the Van Zandt County Jail for the misdemeanor offense of driving while intoxicated.

The record reflects an information was filed on September 18, 1980, charging appellant with having committed the above offense on September 4, 1980. After making bond, appellant executed a "waiver" which recited his intent to plead guilty and waive, *inter alia*, his rights to trial by jury and the assistance of counsel,[1] on October 7, 1980. On the same day appellant did enter his plea, and the trial court entered an order,— though entitled "Conditions of Probation"— which duly and regularly deferred adjudication of appellant's guilt pursuant to Article 42.13, § 3d(a), V.A.C.C.P.,[2] and placed him on "probation"[3] for one year.

---

1. Now represented by counsel, appellant's two grounds of error focus on the harm he suffered without the assistance of an attorney; indeed, that harm will become apparent *post.*

2. Article 42.13, § 3d(a), supra, provides in germane part:

   "When in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or a plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt and place the defendant on probation on reasonable terms and conditions as the court may require and for a period as the court may subscribe not to exceed the maximum period of imprisonment prescribed for the offense for which defendant is charged."

3. We set the word "probation" off in quotes in this context, for as was explicated in *McNew v. State*, 608 S.W.2d 166 (Tex.Cr.App.1980), the supervision contemplated by Article 42.12, § 3d, V.A.C.C.P., (and therefore Article 42.13, § 3d, supra,) over one receiving deferred adjudication of a felony or misdemeanor, resembles what we ordinarily think of as probation, in statutory nomenclature only.

Then on November 10, 1980, the State filed a "Petition for Revocation of Probated Sentence and Final Adjudication" which, we observe, was a model pleading.[4] After reciting appellant's plea and the trial court's deferral of adjudication of guilt, this petition alleged appellant's violation of the conditions of his "probation" in the following respect:

"The Defendant, CHARLES WENDELL THOMPSON, in the County of Wood and the State of Texas, on or about the 12th day of October, 1980, did heretofore then and there drive and operate a motor vehicle upon a public road and highway, while he, the said defendant, was intoxicated and under the influence of intoxicating liquor, ..."

Next, the record contains an "Order Adjudicating Guilt." According to this instrument, dated November 25, 1980, after hearing evidence "limited to whether the Court should proceed to an adjudication of guilt on the original charge,"[5] the trial court found appellant guilty and so adjudged him. It was then also adjudged that appellant "be punished as has been determined."

■ The court's docket sheet reflects that appellant's punishment was assessed at two years confinement in the Van Zandt County Jail. Thus, we would not consider the failure to recite it in the "Order Adjudicating Guilt" fatal, but for the fact that two years is less than the minimum punishment provided by law. Article 6701*l*–1,

V.A.C.S. provides that on conviction of the misdemeanor offense of driving while intoxicated, a person "*shall* be punished by confinement in the county jail for not less than three (3) days nor more than two (2) years, *and* by a fine of not less than Fifty ($50.00) Dollars nor more than Five Hundred ($500.00) Dollars."

Because the trial court failed to assess a fine within the statutory range, *in addition to* an authorized jail sentence, the punishment assessment is invalid, see *Bradshaw v. State*, 331 S.W.2d 52 (Tex.Cr.App.1960), and the "Order Adjudicating Guilt," therefore, does not meet the requisites of a "Judgment." See Article 42.01, V.A.C.C.P.

■ There is an additional reason which compels us to return this cause to the trial court without determining the merits of the appeal. In the "Order Adjudicating Guilt," it was,

"... further ORDERED by the Court that the *imposition of sentence* of the judgment of conviction herein shall *be suspended* during good behavior... *and* that the *Defendant* be *placed on probation* during the period of time fixed by the Court, under the conditions to be determined by the Court, as provided by law."[6]

Thus, under the court's order, appellant, as of November 25, 1980, was placed on "true" probation pursuant to Article 42.13, § 3.[7]

4. Indeed, had the subsequently entered orders conformed to the order of procedure prayed for in the District Attorney's pleading, the disposition we make in this case might have been avoided.

5. Article 42.13, § 3d(b), V.A.C.C.P., provides in relevant part:

"On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 8 of this article. The defendant is entitled to a *hearing limited to a determination by the court of whether it proceeds with an adjudication of guilt on the original charge.* No appeal may be taken from this determination."

(All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)

6. Article 42.13, § 3d(b) also provides:

"After an adjudication of guilt, all proceedings, including assessment of punishment pronouncement of sentence, granting of probation, and defendant's appeal continue *as if the adjudication of guilt had not been deferred.*"

7. Article 42.13, § 3 provides in part:

"The judges of the courts of the State of Texas having original jurisdiction of criminal actions... shall have the power *after conviction* or a plea of guilty or nolo contendere for any crime or offense... to *suspend imposition of the sentence and may place the defendant on probation*... When imprisonment is assessed, *the period of probation shall be for the maximum imprisonment applicable to such offense.*"

However, one of the two final documents contained in the record is inscrutable. It is denominated "Order Revoking Probation," and dated November 26, 1980, one day after the entry of the "Order Adjudicating Guilt." It recites that the court, after considering the evidence offered by the parties, is of the opinion and finds:

"*that since the time the Defendant was placed on probation* herein and *within the term of the probationary period* set by the court, Defendant has violated the terms and conditions of such probation in the manner set forth as grounds for revocation, to wit:

* * * The Defendant, CHARLES WENDELL THOMPSON... *on or about the 12th day of October, 1980,* did... drive and operate a motor vehicle upon a public road and highway, while he, the said defendant, was intoxicated and under the influence of intoxicating liquor, .... "

Finally, the order finds "that the order suspending the imposition [of sentence] in this cause be, and the same is hereby, revoked, and it is hereby ordered by the Court that Defendant be now sentenced.... "

It is clear that his order purporting to revoke appellant's probation is also fundamentally defective and, thus, of no effect. First, though the order recites a hearing was held, the hearing referenced is the one conducted the day before, on November 25th, which the trial court had previously declared[8] was "limited to whether the Court should proceed to an adjudication of guilt on the original charge." Secondly, the record contains neither a motion to revoke appellant's probation nor any other allegation by the State that he had violated a condition of the probation imposed on No-

vember 25th, *since it was imposed.* And finally, the "Order Revoking Probation" purports to revoke appellant's probation for conduct found to have been *committed before he was placed on probation.* See Article 42.13, § 8, V.A.C.C.P.

In short, this appellant was denied due process of law when his probation was revoked in this manner, and we so hold. See and cf. *Caddell v. State,* 605 S.W.2d 275 (Tex.Cr.App.1980); *Rogers v. State* (Tex. Cr.App., No. 67,334, delivered June 17, 1981); *Wallace v. State,* 575 S.W.2d 512 (Tex.Cr.App.1979); and *Wester v. State,* 542 S.W.2d 403 (Tex.Cr.App.1976).

■ Further, notwithstanding the reflection by the record that no court reporter was present at the November 25th hearing, it otherwise appears that appellant was not represented by counsel at that time. And though there is a waiver of counsel extant for purposes of the original guilty plea proceeding conducted on October 7, 1980, we find no indication that appellant was advised of his right to counsel in a proceeding to adjudicate guilt or revoke probation.[9] But since we assume that such a failure will not arise again should appellant be accused of some future violation of his probation, we need not elaborate in this regard. Having found the "Order Adjudicating Guilt" is invalid for lack of an authorized assessment of punishment, this Court is without jurisdiction to entertain the appeal. Accordingly, the appeal is dismissed.[10] The trial court may make an assessment of punishment and enter any other orders "as if the adjudication of guilt had not been deferred" in compliance with Article 42.13, § 3d(b), supra.

It is so ordered.

McCORMICK, J., concurs in result.

---

8. In the "Order Adjudicating Guilt."

9. *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); *Ex parte Richardson,* 496 S.W.2d 611 (Tex.Cr.App.1973); Articles 42.12, § 3b and 42.13, § 3b, V.A.C.C.P.; see also *Empy v. State,* 571 S.W.2d 526 (Tex.Cr. App.1978).

10. The trial court's order suspending imposition of the two year jail sentence and placing

appellant on probation contained in the record before us, does not include a determination of "the terms and conditions of probation" to be imposed. Neither does our record contain indicia "that the clerk of the court... furnish[ed] a copy of such terms and conditions to the probationer" as required by Article 42.13, § 6, V.A.C.C.P. We will also presume that on remand of this cause, the trial court will fully effectuate this provision.