Nickolas C. HENCEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–95–00015–CR.

Court of Appeals of Texas,
San Antonio.

June 21, 1995.

Charles Campion, San Antonio, for appellant.

Daniel Thornberry, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before LOPEZ, STONE and DUNCAN, JJ.

## OPINION

PER CURIAM.

On October 23, 1990, the trial court granted appellant deferred adjudication on a charge of assault. On March 27, 1991, the court adjudicated appellant's guilt and assessed punishment at a fine of $100 and 180 days in jail, probated for one year. On December 27, 1994, the court revoked appellant's probation and sentenced him to serve 90 days in jail. In a single point of error, appellant contends that the court denied him his right to counsel at the probation revocation hearing in violation of article 42.12, § 21(d) of the Code of Criminal Procedure and the Sixth Amendment to the United States Constitution. We reverse and remand.

 A probationer is entitled to counsel, either retained or appointed, at a revocation hearing unless he has affirmatively waived his right to counsel. *Parker v. State*, 545 S.W.2d 151, 155 (Tex.Crim.App.1977); *see also Thompson v. State*, 626 S.W.2d 750, 753 (Tex.Crim.App.1981) (record did not reflect defendant informed of right to counsel at revocation hearing); TEX.CODE CRIM.PROC. ANN. art. 42.12, § 21(d) (Vernon Supp.1995) ("defendant has a right to counsel at a hearing under this section"). The judgment in the present case states that appellant "knowingly, intelligently, and voluntarily waived the right to representation by counsel."[1] As conceded by the State, the statement of facts from the revocation hearing affirmatively establishes the falsity of this recital.[2] Not only does the record lack any indication that appellant ever waived his right to counsel, it shows that Judge Reed never informed appellant of his right to counsel nor asked him whether he desired counsel.

Appellant brings to our attention that we previously reversed this same trial court for the same error a full seven months before the revocation here at issue. *See Anderson v. State*, No. 04–93–00240–CR (Tex.App.—San Antonio May 18, 1994) (unpublished). We anticipate that the trial court will recognize and protect probationers' right to counsel in future revocation proceedings without further prompting from this court.

Appellant's sole point of error is sustained. The judgment is reversed and the cause remanded to the trial court.

---

1. The judgment also purports to order that appellant's sentence be served "day for day." This command improperly conflicts with the statutory authority granted to the sheriff to award "good time" credits and is beyond the authority of the trial court. *See* TEX.CODE CRIM.PROC.ANN. art. 42.032 (Vernon Supp.1995); *Kopeski v. Martin*, 629 S.W.2d 743, 745 (Tex.Crim.App.1982).

2. The judgment also recites that the State appeared by her Assistant Criminal District Attorney, Mary Beth Welsh, but the statement of facts reflects that only Judge Bonnie Reed, appellant, and an unnamed probation officer were present at the hearing.