Opinion issued July 10, 2003












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01335-CR




MIKE ROY MATTHEWS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Court at Law No. 2
Brazoria County, Texas
Trial Court Cause No. 76,969G




MEMORANDUM OPINION
          This is an appeal from the of denial habeas corpus relief relating to a 1994
misdemeanor conviction for driving while intoxicated (DWI). In a single point of
error, appellant contends the 1994 conviction is void because the sentence imposed
was illegal. We affirm.
          On May 23, 1994, appellant, Mike Roy Matthews, pleaded guilty to DWI, and
the trial court, in accordance with a plea agreement between appellant and the State,
assessed punishment at 365 days’ confinement and a $750 fine. Pursuant to article
42.12 of the Texas Code of Criminal Procedure, the trial court suspended the sentence
and placed appellant on community supervision for 24 months. One of the conditions
of appellant’s community supervision was that he pay the $750 fine.
          On September 28, 1995, the State moved to revoke appellant’s community
supervision. The trial court revoked appellant’s community supervision in an order
that provided in part:
It is therefore ORDERED, ADJUDGED and DECREED by the Court
that the State of Texas do have and recover of the Defendant the sum of
$ none Dollars, the unpaid balance on the fine hereinbefore assessed,
and all further costs incurred in this cause subsequent to the granting of
probation, for all of which execution may issue, and that Defendant be
imprisoned in the County Jail of Brazoria County, Texas, for a period of
45 days and until the unpaid balance of said fine and all further costs
incurred as aforesaid are fully paid, or otherwise discharged by law, for
which a writ of commitment shall issue. The Defendant’s jail time is to 
[be] served on weekends beginning at 6pm on 2-21-97. (Emphasis
added).

          In November 2002, appellant filed a petition for writ of habeas corpus,
contending that the sentence imposed after the 1997 revocation of community
supervision was void because an illegal sentence was imposed. After issuing the writ,
the trial court denied the requested relief. This appeal followed, in which appellant
contends the 1997 sentence was illegal, because it did not impose a fine as required
by the statute in effect at the time the offense was committed.



          It is true that the punishment assessed must always be within the minimum and
maximum fixed by law, Williams v. State, 677 S.W.2d 518, 524 (Tex. Crim. App.
1984), and that a sentence that fails to assess a statutorily-imposed fine is void
because it falls below the minimum punishment required by law. See Thompson v.
State, 626 S.W.2d 750, 752 (Tex. Crim. App. 1981). 
          Appellant argues that the sentence imposed after the 1997 revocation of
community supervision is void because no fine was imposed. However, we disagree
with appellant’s interpretation of the record. The 1994 judgment shows that a $750
fine was imposed and that appellant had to pay that $750 as a condition of his
community supervision. The 1997 order revoking community supervision
acknowledges the imposition of the $750 fine and provides that the State recover “the
sum of $none Dollars, the unpaid balance on the fine hereinbefore assessed . . .”
(Emphasis added).
          The record does not show that no fine was imposed; rather, it shows that a $750
fine was imposed and paid by appellant. The record clearly shows that a $750 fine
was imposed in 1994, that appellant was required to pay that amount as a condition
of his community supervision, and that at the time his community supervision was
revoked in 1997, there was no unpaid balance on the fine.
          Because the record supports the trial court’s determination that a fine was
assessed, as the statute at the time required, the trial court did not err by denying
appellant habeas corpus relief.
          Accordingly, we overrule appellant’s sole issue on appeal.
          We affirm the judgment.
 
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Alcala and Higley.

Do not publish. Tex. R. App. P. 47.2(b).