NO. 07-07-0122-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 27, 2009
______________________________

MARK ANTHONY CASTANEDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B15951-0503; HONORABLE ED SELF, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant Mark Anthony Castaneda appeals from his adjudication of guilt for the
offense of theft and his resulting sentence of confinement in the State Jail Division for a
period of two years. Through two points of error, appellant contends he did not waive his
right to counsel knowingly and intelligently and was not made aware of the dangers and
disadvantages of proceeding pro se. We reverse and remand.
 
Background
          In July 2005, appellant, with the assistance of counsel, entered into a plea
agreement with the State by which appellant plead guilty to the offense of theft,


 and was
placed on deferred adjudication community supervision.


 In January 2007, the State filed
a motion to proceed with adjudication of guilt. Appellant was arrested on February 9 for
driving with a suspended license. On March 12, the State filed an amended motion to
proceed with adjudication of guilt, setting forth several violations by appellant of the terms
of his community supervision. The violations alleged included the February 9 offense and
use of cocaine and alcohol in February 2006, and included allegations appellant failed to
report, failed to pay restitution and fees and failed to complete community service. The
record contains a February 22 “order to appear” requiring appellant to appear on March 5
to “report on his attorney.” There is no reporter’s record of the March 5 appearance, but
the court’s docket sheet contains an entry stating that appellant appeared on that date, and
“states he does not want an attorney and wants to represent himself.” 
          A hearing on the amended motion to adjudicate guilt was conducted on March 26.
At the outset of the hearing, the following exchange occurred:
 
          Q. (By the Court)     Now, Mr. Castaneda, you wish to represent yourself in the
hearing on this matter. Is that correct?
          A. (Appellant)          Yes, Your Honor.
          Q.                            Do you understand that you will be bound by the same rules
that a lawyer would be bound by?
          A.                             Yes, Your Honor.
          Q.                            And you still wish to proceed?
          A.                             Yes, Your Honor. 
 
          Appellant then pled true to each of the allegations in the State’s motion and the
court proceeded to punishment, adjudicating appellant guilty and sentencing him to two
years in the State Jail Division of the Texas Department of Criminal Justice. This appeal
followed.



Analysis
          Via two points of error, appellant contends: (1) that he did not knowingly and
intelligently waive his right to counsel and thus, was denied his constitutional right to the
effective assistance of counsel; and (2) appellant was not made aware of the dangers and
disadvantages of representing himself to establish that his choice to represent himself was
made with “eyes open.” 
          The right to be represented by counsel at a criminal trial is a fundamental right
guaranteed by the Sixth Amendment to the United States Constitution. U.S. Const. amend.
VI, XIV; see Faretta v. California, 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562
(1975); see also Williams v. State, 252 S.W.3d 353, 355-56 (Tex.Crim.App.2008). The right
to counsel applies at a probation revocation hearing. Hatten v. State, 71 S.W.3d 332, 333
n.1 (Tex.Crim.App. 2002), citing Ruedas v. State, 586 S.W.2d 520 (Tex.Crim.App. 1979). 
The same right attaches in a hearing on a motion to proceed to final adjudication following
a deferred adjudication. Thompson v. State, 626 S.W.2d 750, 753 (Tex.Crim.App. 1981).
           The Sixth Amendment also contains the reciprocal right to self-representation, but
that right does not attach until it is clearly and unequivocably invoked by the defendant.
Faretta, 422 U.S. at 818-20; Williams, 252 S.W.3d at 356. When a defendant asserts the
right to represent himself, the trial court must admonish the defendant about the dangers
and disadvantages of self-representation. Faretta, 422 U.S. at 835 (upon invocation of the
right of self-representation, a defendant “should be made aware of the dangers and
disadvantages of self-representation, so that the record will establish that ‘he knows what
he is doing and his choice is made with his eyes open’”); see Tex. Code Crim. Proc. Ann.
art. 1.051(g) (Vernon Supp.2008) (stating that the court “shall advise the defendant of the
nature of the charges against [him] and, if the defendant is proceeding to trial, the dangers
and disadvantages of self-representation”). That a defendant represents to the trial court
he is informed of his right to counsel, and desires to waive it, does not end the court's
responsibility. Blankenship v. State, 673 S.W.2d 578, 583 (Tex.Crim.App.1984). Although
there is no formula for the required inquiry, the Court of Criminal Appeals has been explicit
that proper admonishments concerning pro se representation must appear on the record. 
See Goffney v. State, 843 S.W.2d 583, 584-85 (Tex.Crim.App.1992) (citing Blankenship,
673 S.W.2d at 583); see also Hatten, 71 S.W.3d at 334 (discussing Goffney).
          The Court of Criminal Appeals has stated the trial judge must inform a defendant
desiring to represent himself “that there are technical rules of evidence and procedure, and
he will not be granted any special consideration solely because he asserted his pro se
rights.” Williams, 252 S.W.3d at 356 (quoting Johnson v. State, 760 S.W.2d 277, 279
(Tex.Crim.App.1988)). Here, the trial court’s inquiry concerning appellant’s self-representation at the revocation hearing included that admonition. But it is the only
admonition that appears on the record. 
          As noted, the trial court brought appellant to the courtroom some three weeks
before the revocation hearing for the express purpose of inquiring into his representation
by counsel. It is clear to us from the record of the March 26 revocation hearing that the trial
court by then was familiar with appellant’s decision to represent himself. We are confident
the court conducted on March 5 the kind of “penetrating and comprehensive inquiry” into
appellant’s decision to represent himself that case law requires. Blankenship, 673 S.W.2d
at 583; Fulbright v. State, 41 S.W.3d 228, 234 (Tex.App.–Fort Worth 2001, pet. ref’d).
Unfortunately, we do not have a record of that hearing beyond the court’s docket sheet
entry.
          The State relies on the holding of Hatten, 71 S.W.3d at 334, distinguishing between
defendants who contest their guilt and those who appear without an attorney to plead guilty
or nolo contendere. But the Court of Criminal Appeals limited that holding to misdemeanor
defendants. Id. (“The requirements of Faretta are not invoked by a misdemeanor defendant
who waives his right to representation by counsel and does not contest his guilt”). We are
unable to find an instance in which the distinction has been applied to a felony conviction,
and we decline to extend the holding to appellant.
           Finding the record does not contain a showing appellant was admonished about
the dangers and disadvantages of self-representation before he undertook to represent
himself at the hearing on revocation and punishment, we sustain his second issue. Our
disposition of the second issue makes unnecessary our consideration of appellant’s first
issue. We reverse the trial court’s judgment as to punishment and remand for punishment
proceedings consistent with this opinion.



 
                                                                          James T. Campbell

                                                                                     Justice



Do not publish.