**Mark Alexander FLEMING, Appellant,**

v.

**The STATE of Texas.**

**No. PD–1529–10.**

Court of Criminal Appeals of Texas.

June 13, 2011.

Richard Gladden, Denton, for Appellant.

Catherine Luft, Asst. D.A., Denton, Jeffrey L. Van Horn, State's Attorney, Austin, for State.

*OPINION*

PER CURIAM.

Mark Alexander Fleming was convicted of four counts of aggravated sexual assault of a child under Texas Penal Code Section 22.021(a)(1)(B)(iii), (2)(B), Texas's strict-liability child-sexual-assault statute. Before trial, Fleming filed a motion to quash the indictment, challenging the constitutionality of the statute under the Due Process Clause to the United States Constitution and the Texas Constitution's due course of law provision. Fleming claimed that the statute is unconstitutional because it does not have a mens rea requirement and does not permit the affirmative defense of mistake of fact. The trial judge denied the motion.

1. Tex.Code Crim. Proc. art. 14.01(b).

2. Court's op. at 16.

Following his no contest plea and sentencing, Fleming appealed the trial judge's ruling to the Fort Worth Court of Appeals.[1] The court of appeals held that, under the Due Process Clause, the statute is constitutional.[2] The court declined to address Fleming's due course of law claim, holding that Fleming failed to preserve the issue for appeal because he failed to assert or brief "an argument that the due course of law analysis under the Texas constitution is different or provides greater protections" than the Due Process Clause.[3] Our review of Fleming's motion reveals that this conclusion was improvident. With respect to the constitutionality of our strict-liability child-sexual-assault statute, an issue never decided by the Supreme Court of the United States, Fleming briefed the issue under both constitutional provisions, describing the pertinent history of each constitutional provision in support of his specific argument. We therefore vacate the court of appeals's judgment and remand this case so the court of appeals can reconsider Fleming's contention that Section 22.021(a)(1)(B)(iii), (2)(B) violates Texas's due course of law provision. In doing so, the court of appeals will be required to decide the scope of the protections afforded by Texas's due course of law provision as it applies in this case. Thus, the court must discern whether the provision, based on Fleming's argument and supporting authority, provides greater, lesser, or the same protections as it federal analog.[4]

MEYERS, J., not participating.

KEASLER, J., filed a concurring opinion in which HERVEY and COCHRAN, JJ., joined.

I agree with the Court's determination to remand. But I write separately to express my opinion about Texas's due course of law provision. To date, this Court has not rendered an opinion on the scope of the substantive rights and protections afforded by the due course of law provision. However, this Court and the Texas Supreme Court have interpreted the due course of law provision to provide the same procedural rights and protections as the Due Process Clause.[1] Therefore, cases from the Supreme Court of the United States have guided Texas issues involving procedural due course of law.[2] Given this longstanding precedent, I see no reason to reach a contrary conclusion with respect to substantive rights and protections.

Notably, former Chief Justice Phillips of the Texas Supreme Court discussed substantive due process under the Texas Constitution in his dissenting opinion in *Lucas v. United States*.[3] He observed that most Texas decisions addressing substantive due process have relied on federal authorities or have regarded Texas's due course

1. 323 S.W.3d 540 (Tex.App.-Fort Worth 2010).

2. *Id.* at 547.

3. *Id.* at 543.

4. *See e.g., Hulit v. State,* 982 S.W.2d 431, 437 (Tex.Crim.App.1998).

1. *Rose v. State,* 752 S.W.2d 529, 536–37 (Tex. Crim.App.1987), *superceded by statute; Thompson v. State,* 626 S.W.2d 750, 753 (Tex. Crim.App.1981); *see Ex parte Quintanilla,* 151 Tex.Crim. 328, 207 S.W.2d 377, 378–79 (1947); *see generally Huntsman v. State,* 12

Tex.App. 619, 625–50 (1882); *University of Texas Medical School v. Than,* 901 S.W.2d 926, 929 (Tex.1995) (citing *Mellinger v. City of Houston,* 68 Tex. 37, 3 S.W. 249, 252–53 (1887)); *see also National Collegiate Athletic Association v. Yeo,* 171 S.W.3d 863, 867–68 (Tex.2005).

2. *Rose,* 752 S.W.2d at 536–37; *Huntsman,* 12 Tex.App. at 634; *Than,* 901 S.W.2d at 929.

3. 757 S.W.2d 687, 712–13 (Tex.1988) (Phillips, C.J., dissenting).

of law provision to be the same as its federal analog.[4] Only a minority of cases have suggested that the due course of law provision "has any independent meaning."[5] Thus, "it is not firmly established in Texas jurisprudence."[6] With the Texas Supreme Court's precedent on substantive due process firmly established, it would make no sense to reach an decision that conflicts with our sister court.

I also agree with former Presiding Judge McCormick's dissent in *State v. Ibarra*: "the federalization of this State's criminal law and the vast expansion of federal power into areas that traditionally had been reserved solely to the states preempt any 'independent' state constitutional analysis."[7] The practical implications of this approach noted by Presiding Judge McCormick are highly persuasive. Law enforcement and defendants would be aware of the applicability and scope of the protections and rights, and appellate courts would not have to grapple with different burdens and frameworks.[8]

With these comments, I join the Court's opinion.

---

4. *Id.* at 712.

5. *Id.* at 713.

6. *Id.* at 714.

7. 953 S.W.2d 242, 249 (Tex.Crim.App.1997) (McCormick, P.J., dissenting).

