

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-09-00215-CR

MARK FLEMING                                                                            APPELLANT

V.

THE STATE OF TEXAS                                                                          STATE

----------

## FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

----------

## OPINION ON REMAND

----------

### I. INTRODUCTION

Appellant Mark Fleming entered a negotiated plea of guilty to four counts of aggravated sexual assault of a child younger than fourteen years of age.[1] The trial judge sentenced Fleming to ten years' confinement, suspended imposition of

---

[1]*See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii), (2)(B) (West Supp. 2012).

the sentence, and placed him on ten years' community supervision. Among the conditions of punishment, Fleming must register as a sex offender.

Before trial, Fleming filed a motion to quash the indictment, challenging the constitutionality of Texas Penal Code section 22.021 under the Due Process Clause to the United States Constitution and the due course of law provision to the Texas Constitution.[2] In his motion, Fleming claimed that the statute is unconstitutional because it does not have a *mens rea* requirement and does not permit the affirmative defense of mistake of fact. The trial judge denied the motion.

Following sentencing, Fleming appealed the trial judge's ruling to this court. *Fleming v. State*, 323 S.W.3d 540 (Tex. App.—Fort Worth 2010), *vacated*, 341 S.W.3d 415 (Tex. Crim. App. 2011). We held that under the Due Process Clause, the statute is constitutional. *Id.* at 547. This court declined, however, to address Fleming's due course of law claim, holding that Fleming failed to preserve the issue for appeal because he failed to assert or brief "an argument that the due course of law analysis under the Texas constitution is different or provides greater protections" than the Due Process Clause. *Id.* at 542.

On June 13, 2011, the Texas Court of Criminal Appeals vacated this court's judgment, holding that our conclusion that Fleming had failed to preserve his due course of law argument "was improvident." *Fleming v. State*, 341 S.W.3d

---

[2]*See* U.S. Const. amends. V, XIV, § 1; Tex. Const. art. I, § 19.

at 416.   Because this court has already decided that the due course of law provision provides the same protections as the Due Process Clause, and because we conclude that Texas Penal Code section 22.021 does not violate Due Process, we will again affirm.   *See Salazar v. State*, 298 S.W.3d 273, 277–78 (Tex. App.—Fort Worth 2009, pet. ref'd) (holding that the State constitution's due course of law provision does not provide a greater level of protection than the United States Constitution's Due Process Clause).

## II. DISCUSSION

In four points,[3] Fleming argues that the Texas Penal Code provision under which he was convicted, section 22.021, is unconstitutional under the federal Due Process Clause and the Texas due course of law provisions because of its "failure to require the State to prove that [Fleming] had a culpable mental state ('*mens rea*') relating to the alleged victim's age when engaging in the conduct alleged" and "its failure to recognize an affirmative defense based on [Fleming's]

---

[3]After the court of criminal appeals vacated our original judgment, we asked for further briefing by the parties and again heard oral arguments.   In coming to our analysis in this opinion, we have considered the parties' original briefs on the merits, the court of criminal appeals' instructions to us on remand, and the additional briefing on remand and oral arguments by the parties to this case.   For the purposes of clarity, we are also addressing all four of Fleming's original points on appeal, not just his two points pertaining to his due course of law argument.

3

reasonable belief that the alleged victim at the time was 17 years of age or older."[4] We disagree.

The federal constitution provides: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . .  U.S. Const. amends. V, XIV, § 1.  Our state constitution provides: "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."  Tex. Const. art. I, § 19.

## A.    Scope of the Due Course of Law Provision

This court has already had the occasion to address the question of whether this State's due course of law provision provides the same, more, or less protection than the federal Due Process Clause.  *Salazar*, 298 S.W.3d at 277–78.  As we stated in *Salazar*, this court's holding that the two provisions provide the same protections is predicated on the Supreme Court of Texas's holding that the two clauses are nearly identical and contain no meaningful distinctions in their respective clauses.  *Id.* at 279–80 (*citing Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 929 (Tex. 1995)).  Furthermore, this court and the majority of Texas courts of appeals have repeatedly held that the due course of law provision provides the same protections as the federal Due Process Clause.  *See, e.g.*, *State v. Vasquez*, 230 S.W.3d 744, 751 (Tex. App.—Houston [14th

---

[4]The judgment reads that the "age of the victim at the time of the offense was 13."

4

Dist.] 2007, no pet.); *Salazar v. State*, 185 S.W.3d 90, 92–93 (Tex. App.—San Antonio 2005, no pet.); *Jackson v. State*, 50 S.W.3d 579, 588–89 (Tex. App.—Fort Worth 2001, pet. ref'd); *State v. Rudd*, 871 S.W.2d 530, 532–33 (Tex. App.—Dallas 1994, no pet.); *Saldana v. State*, 783 S.W.2d 22, 23 (Tex. App.—Austin 1990, no pet.).

We conclude that nothing that Fleming briefed to this court, nor anything that he briefed in his motion to the trial court, nor anything that he briefed regarding this issue in his briefing on remand is distinct or different in any meaningful way from the arguments that this court has already considered on this issue when reaching our previous holdings. *See Salazar*, 298 S.W.3d at 277–78; *Jackson*, 50 S.W.3d at 588–89. Certainly, nothing in Fleming's arguments persuades us that our precedent on this matter should be overturned. *See Proctor v. State*, 967 S.W.2d 840, 844–45 (Tex. Crim. App. 1998) (reasoning that the doctrine of *stare decisis* should generally be followed because it promotes "judicial efficiency and consistency, . . . reliance on judicial decisions, and [it] contribute[s] to the actual and perceived integrity of the judicial process.").

Furthermore, this court agrees with Judge Keasler's position that even though the court of criminal appeals has never rendered an opinion on either the scope of the due course of law provision or "the substantive rights and protections" it provides, given longstanding precedent that application of the due course of law provision be guided by cases from the Supreme Court of the United States, there exists "no reason to reach a contrary conclusion with respect

5

to substantive rights and protections." *Fleming*, 341 S.W.3d at 416 (Keasler, J., concurring). This approach of treating procedural due process and substantive due process concerns with the equal application of law is founded on the axiomatic conclusion that the texts of both the due course of law provision and the Due Process Clause are virtually identical. *Than*, 901 S.W.2d at 929 ("While the Texas Constitution is textually different in that it refers to 'due course' rather than 'due process,' we regard these terms as without meaningful distinction."). Thus, it would make little sense to treat substantive due process claims any differently than procedural due process claims. We therefore will address Fleming's arguments regarding due course of law or due process under federal law, regardless of whether his claims are substantive or procedural in nature. *See Id.*; *Rose v. State*, 752 S.W.2d 529, 536–37 (Tex. Crim. App. 1987) (McCormick, J., dissenting), *superseded by statute*; *Thompson v. State*, 626 S.W.2d 750, 753 (Tex. Crim. App. [Panel Op.] 1981); *Ex parte Quintanilla*, 151 Tex. Crim. 328, 330, 207 S.W.2d 377, 378–79 (1947); *Huntsman v. State*, 12 Tex. App. 619, 625–50 (1882); *see also Nat'l Collegiate Athletic Ass'n v. Yeo*, 171 S.W.3d 863, 867–68 (Tex. 2005).

## B. Substantive Due Process and Texas Penal Code 22.021

Even though Fleming does not refer to his claims as being either procedural or substantive due process arguments, he does not argue that the process depriving him of his liberty is deficient; rather, Fleming argues that the absence of a *mens rea* or mistake-of-age component to section 22.021 is a

6

wrongful government action irrespective of the procedure in place to guarantee fairness. Thus, we interpret Fleming's arguments to be substantive due process claims. *See Zinermon v. Burch*, 494 U.S. 113, 124–25, 110 S. Ct. 975, 982–83 (1990).

Substantive due process protects citizens against arbitrary or wrongful state actions, regardless of the fairness of the procedures used to implement them. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845–46, 118 S. Ct. 1708, 1716 (1998). In assessing whether a government regulation impinges on a substantive due process right, the first step is to determine whether the asserted right is fundamental. *See Leebaert v. Harrington*, 332 F.3d 134, 140 (2d Cir. 2003) (discussing two-step process in analyzing a substantive due process claim). Rights are fundamental when they are implicit in the concept of ordered liberty or deeply rooted in this nation's history and tradition. *Immediato v. Rye Neck Sch. Dist.*, 73 F.3d 454, 460–61 (2d Cir.), *cert. denied*, 519 U.S. 813 (1996) (*citing Moore v. East Cleveland*, 431 U.S. 494, 503, 97 S. Ct. 1932, 1938 (1977)). Where the right infringed is fundamental, strict scrutiny is applied to the challenged governmental regulation. *Reno v. Flores*, 507 U.S. 292, 305, 113 S. Ct. 1439, 1448 (1993). But where the claimed right is not fundamental, the governmental regulation need only be reasonably related to a legitimate state objective to survive constitutional review. *Flores*, 507 U.S. at 306, 113 S. Ct. at 1449. Thus, our first inquiry is to determine whether there is a fundamental right

7

entitling individuals to a *mens rea* component or a mistake-of-age defense in a statutory rape scheme.

It is a basic principle of criminal law that an actor should not be convicted of a crime if he had no reason to believe that the act he committed was a crime or that it was wrongful. *Morissette v. United States*, 342 U.S. 246, 252, 72 S. Ct. 240, 244 (1952). An intent requirement was the general rule at common law. *Id.* To be sure, the absence of a *mens rea* requirement in a criminal statute is a significant departure from longstanding principles of criminal law. *Staples v. United States*, 511 U.S. 600, 605, 114 S. Ct. 1793, 1797 (1994). Nevertheless, strict liability crimes—crimes defined without any culpable state of mind—are known at law. *Id.* When strict liability is imposed, the actor is deemed to have had sufficient notice concerning the risk of penal sanction inherent in the proscribed activity, and it is therefore just to impose criminal liability without the necessity of proving moral culpability. *United States v. Freed*, 401 U.S. 601, 613 n.4, 91 S. Ct. 1112, 1120 n.4 (1971). It has been written that "the existence and content of the criminal prohibition in these cases are not hidden; the defendant is warned to steer well clear of the core of the offense (as in the statutory-rape case)." *United States v. Wilson*, 159 F.3d 280, 296 (7th Cir. 1998) (Posner, C.J., dissenting).

To this end, state legislatures have broad powers to promote the public welfare and to create criminal offenses and impose punishment, including the power to define an offense that excludes the element of mental culpability from

its definition. *Lambert v. California*, 355 U.S. 225, 228, 78 S. Ct. 240, 242 (1957). Indeed, a state legislature is free to define a criminal offense and bar consideration of a particular defense so long as due process is not offended. *Montana v. Egelhoff*, 518 U.S. 37, 43, 116 S. Ct. 2013, 2017 (1996) (*quoting Patterson v. New York*, 432 U.S. 197, 201–02, 97 S. Ct. 2319, 2322 (1977)). And it is widely recognized that adults are well aware of the strict liability aspect of statutory rape laws. *See State v. Jadowski*, 680 N.W.2d 810, 821 n.42 (Wis. 2004) (discussing the colloquial phrase "[s]ixteen will get you twenty!" as a common exclamation expressing the widespread awareness of statutory rape laws and the strict liability aspect of the offense).

The strict liability crime of statutory rape, in which the victim's apparent maturity is not a defense, is a recognized exception to the general rule requiring *mens rea* in criminal statutes. *Jadowski*, 680 N.W.2d at 821. Traditionally, according to the weight of authority, "mistake as to age" has also not been a defense against the charge of statutory rape. *Morissette*, 342 U.S. at 251 n.8, 72 S. Ct. at 244 n.8.; *United States v. X–Citement Video, Inc.*, 513 U.S. 64, 72 n.2, 115 S. Ct. 464, 469 n.2 (1994).

Fleming argues that because the federal Due Process Clause and the state due course of law provisions were passed at a time when there existed a *mens rea* component to statutory rape laws in this nation, the lack of a mental culpability component offends "principle[s] of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." But the rule of

9

tradition and conscience, or the guide of "historical practice," is not a first-in-time, bright-line rule. *Egelhoff*, 518 U.S. at 43, 116 S. Ct. at 2017. For example, the fundamental right to "engage in [sexual] conduct" without intervention of the government between consenting same-sex adults is hardly a concept that existed prior to the adoption of either due process provision; nonetheless, the Supreme Court, in overruling its previous holding, held this to be a fundamental right under substantive due process. *See Bowers v. Hardwick*, 478 U.S. 186, 191–92, 106 S. Ct. 2841, 2844 (1986), *overruled by Lawrence v. Texas*, 539 U.S. 558, 567, 123 S. Ct. 2472, 2478 (2003). This is so because this right is implicit in the concept of ordered liberty, even though "there have been powerful voices [condemning] homosexual conduct as immoral for centuries." *Lawrence*, 539 U.S. at 571, 123 S. Ct. at 2480. "Historical practice" is a probative guide to the ordered-liberty and deeply-rooted approach in determining fundamental rights, but it is a starting point only and not the absolute determining guide to whether a right is fundamental. *Medina v. California*, 505 U.S. 437, 446, 112 S. Ct. 2572, 2577 (1992).

Fleming argues that *Lawrence v. Texas* actually supports his position because due process "extends to intimate choices by unmarried as well as married persons"; thus, according to Fleming, it is "simply unconstitutional" to penalize a person for making a mistake in fact concerning a minor's age while exercising this fundamental right. *Lawrence*, 539 U.S. at 578, 123 S. Ct. at 2483. But the *Lawrence* Court specifically indicated that its holding did not extend to

10

cases involving minors, and we easily conclude that Fleming's reliance on *Lawrence* is misplaced. *Id.*

We also conclude that Fleming's attempts to find refuge for his position in the Supreme Court's case of *United States v. X–Citement Video* is equally unavailing. 513 U.S. at 72, 115 S. Ct. at 468. In *X–Citement Video*, an undercover police officer ordered pornographic tapes starring an underage actress from a video company. *Id.* at 66–67, 115 S. Ct. at 466. The company and its owner were indicted under a federal statute that criminalized the knowing receipt and transportation of child pornography. *Id.* The Supreme Court held that the term "knowingly" in the statute modified the phrase "the use of a minor" and required not only a knowing distribution of the pornographic material, but also knowledge of the performer's age. *Id.* at 71–83, 115 S. Ct. at 469–74. The *X–Citement Video* Court, however, also recognized that traditionally

> the presumption [of *mens rea*] expressly excepted "sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached age of consent." . . . [because] the perpetrator confronts the underage victim personally and may reasonably be required to ascertain that victim's age. The opportunity for reasonable mistake as to age increases significantly once the victim is reduced to a visual depiction, unavailable for questioning by the distributor or receiver. *Id.* at 71–72 n.2, 115 S. Ct. at 469 n.2 (citations omitted).

Thus, *X–Citement Video* involves situations in which people usually would not confront the performer depicted in the material. *Id.* at 71–83, 115 S. Ct. at 469–74. Fleming, however, personally confronted the underage victim and could

11

have learned her true age.  Therefore, *X–Citement Video* is distinguishable from this case and does not suggest that the rights Fleming claims are fundamental.

Even if we were to assume Fleming's argument that statutory rape schemes that do not require a *mens rea* or disallow a mistake-of-age defense are statutory schemes that came into existence after the codification of both state and federal due process provisions, this position would not undermine section 22.021.  An examination of current statutory rape schemes that recognize the exception to the requirement of criminal intent and the well-accepted legislative purpose for omitting scienter undermine Fleming's argument that section 22.021 offends principles of justice deeply rooted in our nation's history and traditions. *See United States v. Ransom*, 942 F.2d 775, 777 (10th Cir. 1991), *cert. denied*, 502 U.S. 1042 (1992) (recognizing that the majority rule in the United States is that knowledge of age is not an essential element of statutory rape and this exclusion does not violate due process);[5] *see also* 65 Am. Jur. 2d Rape § 81 (2011) ("Generally, in the absence of statute, the defendant's knowledge of the age of the female is not an essential element of the crime of statutory rape, and therefore, it is no defense that the accused reasonably believed that the prosecutrix was of the age of consent.").

---

[5]In his supplemental briefing on remand, Fleming contends that this court's previous opinion erroneously relied on *Ransom* in initially rejecting his contentions.  This court correctly cited *Ransom* in its original opinion and does again in this opinion.  *See Ransom*, 942 F.2d at 776–77.  In fact, the proposition of law cited by this court that Fleming complains of is almost verbatim from *Ransom*. *Id.*

We acknowledge that there has been movement away from strict liability for statutory rape in recent years. *See, e.g., People v. Hernandez*, 61 Cal. 2d 529, 39 Cal. Rptr. 361, 393 P.2d 673 (1964) (apparently the first case to allow a mistake-of-age defense; ruling on lenity grounds); *see also Perez v. State*, 111 N.M. 160, 803 P.2d 249, 250–51 (1990) ("While a child under the age of thirteen requires the protection of strict liability, the same is not true of victims thirteen to sixteen years of age. We recognize the increased maturity and independence of today's teenagers and, while we do not hold that knowledge of the victim's age is an element of the offense, we do hold that under the facts of this case the defendant should have been allowed to present his defense of mistake of fact."). A minority of states allow some form of a "mistake of age" defense by judicial decision or by statute. *See Collins v. State*, 691 So. 2d 918, 923 (Miss. 1997); *State v. Guest*, 583 P.2d 836, 837–39 (Alaska 1978) (due process requires that the defendant be allowed to introduce evidence regarding mistake as to age); Model Penal Code § 213.6(1) (Official Draft & Revised Comments 1985). Under the Model Penal Code, for example, the defense of mistaken belief should be available when the critical age is more than ten years of age. Model Penal Code § 213.6, cmt. 2 at 415. The theory is that the policies underpinning strict liability seem less compelling as the age of the minor increases; an accused who mistakenly but reasonably believes such a partner is above the critical age should have a defense because he "evidences no abnormality, no willingness to take advantage of immaturity, no propensity to corruption of minors." *Id.* Thus,

13

ironically to Fleming's arguments, it may be the future, and not the past, that determines that strict liability in statutory rape cases ultimately offends concepts of ordered liberty. *But see Kelley v. State*, 187 N.W.2d 810, 815 (Wis. 1971) (specifically rejecting model penal code's mistake-of-age defense to statutory rape).

It is worthy of note that many of the cases upholding the constitutionality of statutory rape involve an adult's sexual contact with a person younger than that described in section 22.021. *See, e.g.*, Wis. Stat. Ann. § 948.02(1)(b) ("Whoever has sexual intercourse with a person who has not attained the age of 12 years is guilty of a Class B felony"). But the majority rule in the United States is that the defendant's knowledge of the victim's age is not an essential element of statutory rape and that this exclusion does not violate due process. *See Ransom*, 942 F.2d at 776–77; *State v. Granier*, 765 So. 2d 998, 1001 (La. 2000); *Owens v. State*, 724 A.2d 43, 48–49 (Md.), *cert. denied*, 527 U.S. 1012 (1999); *State v. Yanez*, 716 A.2d 759, 767 (R.I. 1998); *State v. Stokely*, 842 S.W.2d 77, 80–81 (Mo. 1992); *State v. Campbell*, 473 N.W.2d 420, 425 (Neb. 1991); *People v. Cash*, 351 N.W.2d 822, 828 (Mich. 1984); *Commonwealth v. Miller*, 432 N.E.2d 463, 466 (Mass. 1982); *State v. Tague*, 310 N.W.2d 209, 212 (Iowa 1981); *Goodrow v. Perrin*, 403 A.2d 864, 866–68 (N.H. 1979); *State v. Martinez*, 14 P.3d 114, 116–117 (Utah App. 2000).

Although the court of criminal appeals has never considered whether section 22.021 violates due process, the court of criminal appeals has

14

determined that the lack of a *mens rea* component in section 22.021's statutory predecessor did not violate equal protection of the law. *Ex parte Groves*, 571 S.W.2d 888, 890 (Tex. Crim. App. 1978). Our sister court in Houston, however, addressed the very issue before us and held that section 22.021's predecessor did not violate due process. *Scott v. State*, 36 S.W.3d 240, 242 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). With these decisions and the backdrop of the majority rule in this nation regarding statutory rape in mind, we conclude that there is no fundamental right that a State is required to include a *mens rea* component or a mistake-of-age defense in a statutory rape statute. Thus, section 22.021 needs only to serve a legitimate state purpose to be constitutional against the backdrop of substantive due process. *Flores*, 507 U.S. at 306, 113 S. Ct. at 1449. We conclude that it does.

Strict liability regarding the age of the minor furthers the legitimate government interest in protecting children from sexual abuse by placing the risk of mistake on the adult actor. *See Ransom*, 942 F.2d at 777; *see also Byrne v. State*, 358 S.W.3d 745, 750 (Tex. App.—San Antonio 2011, no pet.) ("Strict liability sex crimes are a valid exercise of the state's authority and rationally support a legitimate state interest.").

Although sound reasons might be advanced on either side of the argument of whether a *mens rea* component should exist or whether a mistake-of-age defense should exist in section 22.021, determining the line that separates what is criminal from what is not lies peculiarly within the sphere of legislative

15

discretion—especially, as here, where no fundamental right is at question. *See Lambert*, 355 U.S. at 228, 78 S. Ct. at 242. We have no authority to substitute our judgment for that of the legislature unless we find the classification to be arbitrary, capricious, and without reasonable relationship to the purposes of the statute. *See Ransom*, 942 F.2d at 777. We conclude that section 22.021 is neither arbitrary nor capricious and that it furthers the legitimate government interest of protecting children. *See Flores*, 507 U.S. at 305–06, 113 S. Ct. at 1448–49 (reasoning that states have a legitimate purpose concerning welfare of minors); *Scott*, 36 S.W.3d at 242 (holding that Texas's statutory rape statute does not violate due process and furthers legitimate interest in protecting the health and safety of children). Thus, section 22.021's omission of a *mens rea* component or its lack of a mistake-in-fact defense does not offend notions of Due Process or due course of law. We overrule each of Fleming's four points.

### III. CONCLUSION

Having overruled all of Fleming's points on appeal, we affirm the trial court's judgment.


BILL MEIER
JUSTICE

PANEL: GARDNER and MEIER, JJ.; and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

PUBLISH

DELIVERED: August 2, 2012

16