# NO. 12-15-00195-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STEVEN LAMON MOORE,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Steven Lamon Moore appeals his conviction for delivery of a controlled substance.  In two issues, Appellant argues that the trial court failed to consider the full range of punishment.  We affirm.

## BACKGROUND

Appellant was charged by indictment with delivery of a controlled substance. He pleaded "guilty" to the offense and "true" to two felony enhancements.  The trial court found Appellant guilty and the enhancement paragraphs true.  Following a bench trial on punishment, the trial court assessed Appellant's punishment at imprisonment for thirty-five years.  This appeal followed.

## FAILURE TO CONSIDER FULL RANGE OF PUNISHMENT

In Appellant's first and second issues, he contends that he was denied due process and due course of law by the trial court's failure to consider the full range of punishment when assessing his sentence.

**Standard of Review and Applicable Law**

Due process requires a neutral and detached hearing body or officer. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761, 36 L. Ed. 2d 656 (1973). It is a denial of due process for a trial court to arbitrarily refuse to consider the entire range of punishment for an offense or to refuse to consider the evidence and impose a predetermined punishment. *McClenan v. State*, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983). In the absence of a clear showing of bias, we will presume the trial judge was a neutral and detached officer. *Earley v. State*, 855 S.W.2d 260, 262 (Tex. App.—Corpus Christi 1993, pet. dism'd). Bias is not shown when (1) the trial court hears extensive evidence before assessing punishment, (2) the record contains explicit evidence that the trial court considered the full range of punishment, and (3) the trial court made no comments indicating consideration of less than the full range of punishment. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). In applying our state constitutional guarantee of due course of law, we follow contemporary federal due process interpretations. *U.S. Gov't v. Marks*, 949 S.W.2d 320, 326 (Tex. 1997); *Fleming v. State*, 376 S.W.3d 854, 856 (Tex. App.—Fort Worth 2012), *aff'd*, 455 S.W.3d 577 (Tex. Crim. App. 2014), *cert. denied*, 135 S. Ct. 1159, 190 L. Ed. 2d 913 (2015).

**Analysis**

Appellant argues that when the trial court found him guilty before hearing the evidence on punishment, it foreclosed the possibility of granting him deferred adjudication. Appellant contends that such foreclosure constituted a failure to consider the full range of punishment, resulting in a denial of his due process right to a detached and neutral magistrate. The State responds that Appellant failed to preserve this issue by a timely objection, the enhanced punishment range is twenty-five years to life, and the trial court did not abuse its discretion by concluding that Appellant is a poor candidate for deferred adjudication community supervision. Appellant argues that the alleged error is structural, does not require preservation by objection, and is not subject to a harm analysis.

Preservation of error is a systemic requirement on appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010). It is the duty of the appellate courts to ensure that a claim is preserved in the trial court before addressing its merits. *Id.* In general, a claim is preserved for appellate review only if (1) the complaint was made to the trial court by a timely and specific request, objection, or motion, and (2) the trial court either ruled on the request, objection, or

2

motion or refused to rule and the complaining party objected to that refusal. TEX. R. APP. P. 33.1(a); *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003). If a party fails to properly object to errors at trial, even constitutional errors can be forfeited. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

But Rule of Appellate Procedure 33.1 is not absolute. *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014). Whether it applies to a particular complaint turns on the nature of the right allegedly infringed. *Id.* The court of criminal appeals has separated defendants' rights into three categories: (1) absolute requirements and prohibitions, which cannot lawfully be avoided even with partisan consent; (2) waivable-only rights, which must be implemented unless expressly waived; and (3) forfeitable rights, which are forfeited unless requested by the litigant. *Id.*; *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997). Rule 33.1's preservation requirement applies only to the last category. *Id.*

The right to be sentenced after consideration of the full range of punishment is a category two waivable-only right. *Grado*, 445 S.W.3d at 743. Therefore, Appellant's complaint that the trial court failed to consider deferred adjudication when assessing his punishment was not forfeited by his failure to object at trial. *See id.* Furthermore, the record does not show that Appellant expressly waived the right at issue. We therefore consider the merits of Appellant's complaint. *See id.*

Contrary to Appellant's assertion, the trial court did not foreclose the possibility of granting him deferred adjudication when it orally found him guilty before hearing the evidence on punishment. On July 14, 2015, Appellant pleaded "guilty," and the trial court stated that it found him guilty. The trial court then postponed sentencing until a presentence investigation could be conducted. On August 3, 2015, the trial court heard punishment evidence and closing arguments. It assessed Appellant's punishment at imprisonment for thirty-five years. The written judgment states that the judgment was entered on August 4, 2015.

Appellant asserts that the trial court entered a finding of guilt immediately after his plea on July 14. But the record shows that the court made an oral finding of guilt at that time and entered the finding of guilt in the judgment on August 4. An oral finding of guilt does not divest a trial court of the power to grant deferred adjudication. *West v. State*, 702 S.W.2d 629, 635 (Tex. Crim. App. 1986). Thus, the record does not support Appellant's argument that the trial

3

court foreclosed the possibility of granting deferred adjudication prior to hearing evidence on punishment. Moreover, nothing in the record indicates that the trial court did not consider granting deferred adjudication. Accordingly, we overrule Appellant's first and second issues.

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 20, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 20, 2016**

**NO. 12-15-00195-CR**

**STEVEN LAMON MOORE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0446-15)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*