# NO. 12-19-00261-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DOUGLAS MACK PETERS,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Douglas Mack Peters appeals his conviction for aggravated assault on a family member, with a deadly weapon. In one issue, Appellant argues that the trial court erred by not considering the full range of punishment. We affirm.

## BACKGROUND

Appellant was charged by indictment with the offense of aggravated assault by intentionally, knowingly, and recklessly causing serious bodily harm to the victim by shooting him with a firearm and the victim was a member of the Appellant's family. The indictment also stated that Appellant used or exhibited a deadly weapon, namely a firearm, during the commission of or immediate flight from the offense, a first degree felony.[1] Appellant made an open plea of "guilty" to the charged offense, and pleaded "true" to the deadly weapon allegation. Appellant and his counsel signed various documents in connection with his guilty plea, including an agreed punishment recommendation and a stipulation of evidence in which he stipulated that the facts in the indictment were true and correct and constituted the evidence in the case. The trial court accepted Appellant's plea, found the evidence sufficient to substantiate Appellant's guilty plea,

---

[1] *See* TEX. PENAL CODE ANN. § 22.02 (a)(1), (b)(1) (West 2019).

found Appellant guilty of the offense charged in the indictment, and found that Appellant used a deadly weapon.

After the punishment hearing approximately two months later, the trial court adjudged Appellant guilty of the offense charged in the indictment, made an affirmative deadly weapon finding, and assessed Appellant's punishment at fifty years of imprisonment.[2] This appeal followed.

**FAILURE TO CONSIDER FULL RANGE OF PUNISHMENT**

In Appellant's sole issue, he contends that he was denied due process and due course of law by the trial court's failure to consider the full range of punishment when assessing his sentence.

**Standard of Review and Applicable Law**

Due process requires a neutral and detached hearing body or officer. ***Gagnon v. Scarpelli***, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761-62, 36 L. Ed. 2d 656 (1973). It is a denial of due process for a trial court to arbitrarily refuse to consider the entire range of punishment for an offense or to refuse to consider the evidence and impose a predetermined punishment. ***McClenan v. State***, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983). In the absence of a clear showing of bias, we will presume the trial judge was a neutral and detached officer. ***Earley v. State***, 855 S.W.2d 260, 262 (Tex. App.–Corpus Christi 1993, pet. dism'd). Bias is not shown when (1) the trial court hears extensive evidence before assessing punishment, (2) the record contains explicit evidence that the trial court considered the full range of punishment, and (3) the trial court made no comments indicating consideration of less than the full range of punishment. ***Brumit v. State***, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). In applying our state constitutional guarantee of due course of law, we follow contemporary federal due process interpretations. ***U.S. Gov't v. Marks***, 949 S.W.2d 320, 326 (Tex. 1997); ***Fleming v. State***, 376 S.W.3d 854, 856 (Tex. App.–Fort Worth 2012), *aff'd*, 455 S.W.3d 577 (Tex. Crim. App. 2014), *cert. denied*, 135 S. Ct. 1159, 190 L. Ed. 2d 913 (2015).

---

[2] An individual adjudged guilty of a first degree felony shall be punished by imprisonment for life or for any term of not more than ninety-nine years or less than five years, and a fine not to exceed $10,000.00. TEX. PENAL CODE ANN. § 12.32 (West 2019).

**Analysis**

Appellant argues that the trial court foreclosed the possibility of granting deferred adjudication by finding him guilty and finding that a deadly weapon was used, immediately after he pleaded guilty. Appellant contends that this amounts to a failure to consider the full range of punishment, and resulted in a denial of his due process right to a detached and neutral magistrate.[3]

Contrary to Appellant's assertion, the trial court did not foreclose the possibility of granting deferred adjudication when it orally found him guilty before hearing the evidence on punishment. On April 23, 2019, Appellant made an "open plea" of guilty. The trial court entered and accepted the plea, found him guilty based on the plea and the evidence presented, and made an affirmative deadly weapon finding. The trial court then postponed sentencing until a presentence investigation could be conducted. Appellant's counsel expressed an intent to ask the trial court to consider deferred adjudication. The trial court stated that counsel may make such a request, but noted that it already made the finding, apparently referring to the deadly weapon finding. However, the trial court stated that it may change its mind based on the evidence at the punishment hearing.

On June 28, 2019, the trial court heard punishment evidence and closing arguments. It assessed Appellant's punishment at imprisonment for fifty years. The written judgment was entered on July 8, 2019. Although the court made an oral finding of guilt on April 23, it did not enter the finding of guilt until signing the judgment on July 8, after hearing punishment evidence. An oral finding of guilt does not divest a trial court of the power to grant deferred adjudication. *West v. State*, 702 S.W.2d 629, 635 (Tex. Crim. App. 1986). Thus, the record does not support Appellant's argument that the trial court foreclosed the possibility of granting deferred adjudication prior to hearing evidence on punishment.

Moreover, the record indicates that the trial court considered the full range of punishment, including deferred adjudication. After hearing the punishment evidence and before announcing punishment, the trial court stated that it "considered, really, the full range of punishment, from a deferred [adjudication] to a life sentence the State [ ] asked for." Further, the trial court stated that it was "not prepared to grant a deferred [adjudication] in this case" because it did not "find that to

---

[3] The right to be sentenced by a judge who considers the full range of punishment is a *Marin* category-two right and may be lost only by an express waiver. *See Grado v. State*, 445 S.W.3d 736, 743 (Tex. Crim. App. 2014). The State concedes that Appellant did not expressly waive this right and that his appeal must be determined on its merits.

3

be appropriate [ ] when [Appellant] shot two other people, particularly, family members." *See Brumit*, 206 S.W.3d at 645.

Accordingly, based on the record before us, we conclude that the trial court did consider the full range of punishment, including deferred adjudication, when assessing Appellant's sentence. Consequently, Appellant was not denied his due process right to a detached and neutral magistrate. We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue on appeal, we ***affirm*** the judgment of the trial court.

GREG NEELEY
Justice

Opinion delivered March 31, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2020**

**NO. 12-19-00261-CR**

**DOUGLAS MACK PETERS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1572-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*